Robert Benson (SBN 155971)
rbenson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Telephone:  +1 949 567 6700
Facsimile:  +1 949 567 6710

Attorney for Plaintiffs TCT MOBILE (US) INC. and HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs TCT Mobile (US) Inc. ("TCT US") and Huizhou TCL Mobile Communication Co. Ltd. ("Huizhou TCL") (collectively "TCL") hereby bring this complaint for Declaratory Judgment against Defendant Cellular Communications Equipment LLC ("CCE"), and allege as follows:

## THE PARTIES

1. Huizhou TCL is a company organized and existing under the laws of China with its principal place of business at No. 86 Hechang Qi Lu Xi, Zhongkai Gaoxin District, Huizhou City, Guangdong Province, P.R. China.

2. TCT US is a corporation organized and existing under the laws of Delaware with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

3. On information and belief, CCE is a Texas limited liability company with a principal place of business at 4 Park Plaza, Suite 550, Irvine, California 92614.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act.

5. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this District. At issue in this action is whether TCT US and Huizhou TCL commit acts of infringement in the United States and whether products made, sold, offered for sale, used and/or imported into the United Sates by TCT US and Huizhou TCL infringe U.S. Patent No. 7,218,923. TCT US has its principal place of business in this District and many of the allegedly infringing activities have occurred in this District.

6. This Court has personal jurisdiction over CCE because CCE has constitutionally sufficient contacts with California to give rise to personal jurisdiction in this Court. On information and belief, CCE has a principal place of business in this District. Upon information and belief, CCE has not practiced its patents since its entity was formed. Instead, TCL is

informed and believes that CCE operates primarily as a patent licensing entity.  Upon information and belief, CCE asserted, and continues to assert, U.S. Patent No. 7,218,923 and other patents against technology companies, and has done so since at least June of 2013.  TCL is further informed and believes that CCE's current executive leadership and officers have their offices in this District and that CCE's past executive leadership and officers had their offices in this District.  TCL is further informed and believes that CCE's licensing and patent enforcement activities have occurred in this District and continue to occur in this District, and that such licensing and patent enforcement activities have originated from and continue to originate from this District.

7.  Accordingly, many of the party witnesses and documents relevant to this action are located in the Central District of California.

8.  As set forth further below, an actual controversy exists between TCT US and Huizhou TCL and CCE due to CCE's assertion that products manufactured, used, sold, offered for sale and/or imported by TCT US and Huizhou infringe U.S. Patent No. 7,218,923.

**NATURE OF THE CASE**

9.  TCL seeks a declaratory judgment that Plaintiff does not infringe U.S. Patent No. 7,218,923 ("the '923 patent").  A true and correct copy of the '923 Patent is attached as Exhibit A.

10.  This relief is necessary because CCE filed a lawsuit in the U.S. District Court for the Eastern District of Texas alleging infringement of the '923 Patent in a case captioned *Cellular Communications Equipment LLC v. TCL Corporation and TCL Electronics Holdings Limited*, Case No. 2:20-cv-00080 (the "Texas Lawsuit").  A true and correct copy of the Complaint from the Texas Lawsuit is attached as Exhibit B.  CCE accuses TCL Corp. and TCL Electronics Holdings Ltd. of infringement in the Texas Lawsuit.  The Texas Lawsuit alleges infringement of the '923 Patent by mobile phones using version 4.2 and higher of the Android Operating system, including TCL Plex, TCL 10 Pro, TCL 10L, and TCL 5G (the "Accused TCL Products").

11. Upon information and belief, CCE purports to be the owner of the ′923 patent with all substantial rights to the ′923 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. *See* Exhibit B at para. 29.

12. In the Texas Lawsuit, CCE accuses TCL Corp. and TCL Electronics Holdings Ltd. of infringing the '923 Patent by at least selling, offering to sell, using, and importing into the United States the TCL Accused Products. But the Eastern District Court of Texas has no personal jurisdiction over TCL Corp. and TCL Electronic Holdings. TCL Corp. and TCL Electronic Holdings are not involved with the manufacture, use, sale, or offer for sale of the Accused TCL Products in the United States or importation of the Accused TCL Products into the United States. Since TCL Corp. and TCL Electronic Holdings conduct no activity related to the TCL Accused Products or the alleged infringement, and neither entity is incorporated in Texas or has a principal place of business in Texas, there is no personal jurisdiction over these entities in Texas.

13. The Accused TCL Products are manufactured by Huizhou TCL. As indicated in TCL's most recent publicly available annual report, a true and correct copy of which is attached as Exhibit C, Huizhou TCL is the only TCL entity whose principal activities include manufacturing. See Exhibit C at p. 11. Huizhou TCL is not a defendant in the Texas Lawsuit.

14. The Accused TCL Products are imported into the United States and sold in the United States by TCT US. TCT US is also not a defendant in the Texas Lawsuit.

15. Neither Huizhou TCL, TCT US, or the Accused TCL Products infringe the '923 Patent. Huizhou TCL and TCT US contend that they have the right to make, use, sell, and/or offer to sell in the United States and import into the United States the Accused TCL Products.

16. As a result of CCE's assertions of its patent rights against the Accused TCL Products and the belief of TCT US and Huizhou TCL in their right to engage in business without a license to the ′923 Patent, an actual controversy exists between TCT US and Huizhou TCL and CCE as to whether TCT US, Huizhou TCL, and the Accused TCL Products directly or indirectly infringe U.S. Patent No. 7,218,923. Therefore, a substantial, continuing, and justiciable controversy exists between TCL and CCE.

# COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

17. TCL incorporates paragraph 1 through 16 of this Complaint as if set forth fully herein.

18. On information and belief, CCE is the alleged owner of the '923 Patent. *See* Exhibit B at ¶ 29.

19. As described previously, CCE alleges that the Accused TCL Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused TCL Products directly or indirectly (*e.g.,* by inducement) infringe the '923 patent.

20. The Accused TCL Products do not directly or indirectly infringe any claim of the '923 patent and TCT US and Huizhou TCL, through their making, using, selling, offering to sell, and/or importing the Accused Products into the United States, do not infringe and have not infringed, directly or indirectly, any claim of the '923 Patent.

21. Therefore, there is an actual, substantial, continuing, and justiciable controversy between TCT US and Huizhou TCL and CCE regarding whether the Accused TCL Products and TCT US and Huizhou TCL infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '923 Patent.

22. Accordingly, TCL is entitled to a declaratory judgment that the Accused TCL Products and TCT US and Huizhou TCL do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '923 Patent.

## RESERVATION OF RIGHTS

23. TCT US and Huizhou TCL hereby reserve their rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, TCT US and Huizhou TCL respectfully pray for entry of judgment in their favor and against CCE as follows:

1    A.    For judgment that the Accused TCL Products and TCT US and Huizhou TCL have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '923 Patent.

B.    For a preliminary and permanent injunction precluding CCE, its officers, directors, employees, agents, and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '923 Patent by the Accused TCL Products or against TCT US or Huizhou TCL;

C.    For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by CCE;

D.    For a finding that this case is exceptional under 35 U.S.C. §285;

E.    An award of any and all equitable relief to which TCT US or Huizhou TCL may be entitled; and

E.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TCT US and Huizhou TCL hereby demand a jury trial on all issues so triable.

Dated: April 9, 2020

ROBERT BENSON
Orrick, Herrington & Sutcliffe LLP

By:    */s/ Robert Benson*
ROBERT BENSON
Attorney for Plaintiffs TCT MOBILE (US) INC. and HUIZHOU TCL MOBILE COMMUNICATION CO. LTD

- 6 -

COMPLAINT FOR DECLARATORY JUDGMENT