1  Stephanie R. Wood (SBN: 242572)
      *swood@bcpc-law.com*
2  Jeffrey R. Bragalone (*pro hac vice* to be filed)
      *jbragalone@bcpc-law.com*
3  Jonathan H. Rastegar (*pro hac vice* to be filed)
      *jrastegar@bcpc-law.com*
4  Jerry D. Tice II (*pro hac vice* to be filed)
      *jtice@bcpc-law.com*
5  **BRAGALONE CONROY PC**
   2200 Ross Ave., Suite 4500W
6  Dallas, Texas 75201
   Tel: (214) 785-6670
7  Fax: (214) 785-6680

8  Attorneys for Defendant
   Cellular Communications Equipment LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Defendant. | Case No. 8:20-cv-00702-JVS-ADS<br><br>**DECLARATION OF JEFFREY R. BRAGALONE**<br><br>Date:       July 16, 2020<br>Time:       1:30 p.m.<br>Courtroom: 10C<br>Judge:      Hon. James V. Selna |

I, Jeffrey R. Bragalone, hereby declare as follows:

1.  I am an attorney at the law firm of Bragalone Conroy PC in Dallas, Texas. I am counsel of record for CCE in *Cellular Comm'n Equipment LLC v. TCL Corp. et al*, Case No. 2:20-cv-00080 (E.D. Tex.) (the "Texas Lawsuit"). I am admitted to practice in the State of Texas and the Eastern District of Texas. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2.  On April 6, 2020, TCL's outside counsel, Jeffrey Johnson the law firm Orrick Herrington & Sutcliff LLP, contacted me via email, noting that his firm would be representing the TCL entities in the Texas Lawsuit. In his email, Mr. Johnson requested a teleconference. A true and correct copy of emails exchanged between me and Mr. Johnson is submitted as Exhibit B to CCE's Motion To Dismiss The Complaint Or, In The Alternative, To Stay. A true and correct copy of Mr. Johnson's email is shown in CCE's Exhibit B at page 5.

3.  My co-counsel, Jonathan Rastegar, and I participated in a call with Mr. Johnson later that day. During the call, Mr. Johnson offered to waive service of process in the Texas Lawsuit in exchange for a five-month extension of the Defendants' answer date. After I questioned why the defendants required such a lengthy extension, Mr. Johnson said that the extension was necessary because he needed to meet in person with his client to develop their defenses in the case, and the COVID-19 pandemic had created extraordinary travel difficulties, and "the situation in China" was preventing him from otherwise discussing the matter with his clients.

4.  In response, I offered a 30-day courtesy extension while we discussed the five-month extension with CCE. I also noted that CCE anticipated filing an amended complaint adding parties and that if CCE agreed to the extension, it would expect TCL to accept service of the amended complaint.

5.  During the April 6 teleconference, Mr. Johnson and I further discussed

1

DECLARATION OF JEFFREY R. BRAGALONE                8:20-cv-00702-JVS-ADS

I, Jeffrey R. Bragalone, hereby declare as follows:

1. I am an attorney at the law firm of Bragalone Conroy PC in Dallas, Texas. I am counsel of record for CCE in *Cellular Comm'n Equipment LLC v. TCL Corp. et al*, Case No. 2:20-cv-00080 (E.D. Tex.) (the "Texas Lawsuit"). I am admitted to practice in the State of Texas and the Eastern District of Texas. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2. On April 6, 2020, TCL's outside counsel, Jeffrey Johnson the law firm Orrick Herrington & Sutcliff LLP, contacted me via email, noting that his firm would be representing the TCL entities in the Texas Lawsuit. In his email, Mr. Johnson requested a teleconference. A true and correct copy of emails exchanged between me and Mr. Johnson is submitted as Exhibit B to CCE's Motion To Dismiss The Complaint Or, In The Alternative, To Stay. A true and correct copy of Mr. Johnson's email is shown in CCE's Exhibit B at page 5.

3. My co-counsel, Jonathan Rastegar, and I participated in a call with Mr. Johnson later that day. During the call, Mr. Johnson offered to waive service of process in the Texas Lawsuit in exchange for a five-month extension of the Defendants' answer date. After I questioned why the defendants required such a lengthy extension, Mr. Johnson said that the extension was necessary because he needed to meet in person with his client to develop their defenses in the case, and the COVID-19 pandemic had created extraordinary travel difficulties, and "the situation in China" was preventing him from otherwise discussing the matter with his clients.

4. In response, I offered a 30-day courtesy extension while we discussed the five-month extension with CCE. I also noted that CCE anticipated filing an amended complaint adding parties and that if CCE agreed to the extension, it would expect TCL to accept service of the amended complaint.

5.      During the April 6 teleconference, Mr. Johnson and I further discussed the proper defendants to the Texas Lawsuit. Mr. Johnson indicated that he believed one of the TCL entities in the lawsuit was not involved in the manufacturing of the accused devices and should be dismissed. I reiterated to Mr. Johnson that we had already been reviewing whether additional defendants were necessary in the Texas Lawsuit and that CCE expected to file an amended complaint very soon. The April 6, 2020 call lasted approximately eleven and a half minutes.

6.      Mr. Johnson confirmed TCL's request for a five-month extension in a follow-up email sent later that day, as shown on page 4 of CCE's Exhibit B.

7.      On April 9, 2020, Mr. Johnson sent another email requesting that the parties "tell something to the Court today," due to the fact that April 9 was the answer date for the TCL defendants. In response to the email, Mr. Rastegar and I called Mr. Johnson regarding the extension. During this teleconference, I again informed Mr. Johnson that CCE planned to file an amended complaint to add two additional TCL entities to the Texas Lawsuit. As such, I informed Mr. Johnson that CCE was willing to agree to the proposed five-month extension provided that TCL agreed to waive service of the amended complaint, as opposed to the original complaint. Mr. Johnson inquired when CCE would file the amended complaint and I told him that it would either be that day (April 9) or the next. Mr. Johnson indicated that since CCE's proposal was different than TCL's original offer, he would need to speak with his clients. Given the time difference between the U.S. and China, Mr. Johnson and I agreed to proceed with the courtesy 30-day extension while Mr. Johnson waited to hear from his clients. The call lasted approximately 3 minutes and forty-five seconds.

8.      Shortly after the April 9 teleconference, on April 9, 2020, at 1:41 PM Central Time, I sent Mr. Johnson the completed forms for Unopposed Applications for Extension of Time to Answer Complaint to provide the 30-day courtesy extensions, and further stated the following as shown on page 2 of CCE's Exhibit B (emphasis added):

As I mentioned on our call today, **we will also proceed to file an Amended Complaint either today or tomorrow**, and will send you a copy along with a notice of request for waiver of service. At your earliest convenience, and after you receive copies of the Amended Complaints, please confirm that, as you state below, your clients (i.e., TCL Corporation and **subsidiaries** of TCL Corporation) will waive service of the Amended Complaint through the Hague in exchange for an agreed date of Monday, September 7, 2020 to answer or otherwise respond to CCE's Amended Complaint.

9. At no time during my multiple communications with Mr. Johnson did he ever mention, indicate, or suggest that TCL might be filing, or had filed, a declaratory judgment action against CCE. Indeed, I first learned of this declaratory judgment action on April 10 via a publication service unrelated to TCL or its counsel.

10. On April 26, all five of the defendants in the Texas Lawsuit executed waivers of service and agreed to answer or otherwise respond to the Amended Complaint in the Texas Lawsuit by September 7, 2020.

11. On May 29 and again on June 2, I requested an additional thirty-day extension of time for CCE to respond to the declaratory judgment complaint filed in this action. On June 3, counsel for TCL refused CCE's request.

12. On June 8, I called counsel for TCL, Mr. Johnson, to confer regarding the instant motion, and Mr. Johnson said that TCL opposed the motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2020, in Dallas, Texas

Jeffrey R. Bragalone