Stephanie R. Wood (SBN: 242572)
   *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application pending)
   *jbragalone@bcpc-law.com*
Jonathan H. Rastegar (*pro hac vice* application pending)
   *jrastegar@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN:181464)
   *ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Defendant
Cellular Communications Equipment LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.<br><br>Plaintiffs,<br><br>vs.<br><br>CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Defendant. | Case No. 8:20-cv-00702-JVS-ADS<br><br>**DEFENDANT CELLULAR COMMUNICATIONS EQUIPMENT LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**[Filed Concurrently with Declarations of Jeffrey R. Bragalone, Jonathan H. Rastegar and Stephanie R. Wood]**<br><br>Date:        August 3, 2020<br>Time:        1:30 p.m.<br>Courtroom:  10C<br>Judge:      Hon. James V. Selna. |

## TO ALL PARIES AND TO THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on August 3, 2020 at 1:30 p.m., or as soon thereafter as the Motion may be heard at the United States District Court, located at 411 West Fourth Street, Court Room 10C, Santa Ana, CA 92701, Defendant Communications Equipment ("CCE") respectfully moves this Court for an Order dismissing the Amended Complaint which seeks declaratory judgment of non-infringement of U.S. Patent No. 7,218,923 ("the '923 patent" or "the patent-in-suit"), on the grounds that the first-filed action in the United States District Court for the Eastern District of Texas (the "Texas Lawsuit") involves the same issues and substantially similar parties.

Alternatively, should the Court decline to dismiss the Amended Complaint in favor of the Texas Lawsuit, CCE respectfully moves this Court for an Order staying this case pending the final resolution, including any appeal, of the Texas Lawsuit on the ground that such a stay would conserve judicial resources and protect CCE from duplicative litigation without subjecting Plaintiffs to prejudice.

The Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the supporting Declarations of Jeffrey R. Bragalone of Jonathan H. Rastegar, the [Proposed] Order lodged concurrently herewith, the Court's file on this matter, and upon such and further evidence and argument as may be presented prior to or at the time of the hearing on this Motion.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on June 8, 2020 and July 1, 2020.

Dated July 6, 2020              Respectfully submitted

By: */s/ Stephanie R. Wood*
Stephanie R. Wood (SBN: 242572)
    *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application pending)
    *jbragalone@bcpc-law.com*

i

Jonathan H. Rastegar (*pro hac vice* application pending)

    *jrastegar@bcpc-law.com*

**BRAGALONE CONROY PC**

2200 Ross Ave., Suite 4500W

Dallas, Texas 75201

Tel: (214) 785-6670

Fax: (214) 785-6680


Ben M. Davidson (SBN:181464)

    *ben@dlgla.com*

**DAVIDSON LAW GROUP, ALC**

4500 Park Granada Blvd., Suite 202

Calabasas, California 91302

Tel: (818) 918-4622


Attorneys for Defendant

Cellular Communications Equipment LLC

ii

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ............................................................................................1

II.  STATEMENT OF FACTS .............................................................................1

III.  ARGUMENTS AND AUTHORITIES .........................................................5

    A.  The Chronology of the Actions Favors Application of the First-to-File Rule. ...................................................................................6

        1.  Should the Court analyze the relation back doctrine, CCE's Amended Complaint relates back to its original Complaint. ............7

    B.  The Similarity of the Parties Favors Dismissal or Stay.........................9

    C.  The Similarity of the Issues Favors Dismissal or Stay.........................10

    D.  No Exception to the First-to-File Rule Applies.....................................11

IV.  CONCLUSION..............................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ...............................................................11

*American Patents LLC v. TCL Corp., et al*,
   Case No. 4:18-cv-767-ALM, ECF No. 52 (E.D. Tex. Mar. 7, 2019) ...............2, 9

*Anza Tech., Inc. v. Mushkin, Inc.*,
   934 F.3d 1359 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 849 (2020) ...................8

*Barnes & Noble, Inc. v. LSI Corp.*,
   823 F. Supp. 2d 980 (N.D. Cal. 2011)..............................................................5, 7

*Cadence Design Sys., Inc. v. OEA Int'l, Inc.*,
   No. CV11-0713, 2011 WL 4403619 (N.D. Cal. Sept. 20, 2011).......................10

*Cardoza v. T-Mobile USA Inc.*,
   No. 08-5120, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009)................................13

*Cellular Comm'n Equipment LLC v. TCL Corp. et al*,
   Case No. 2:20-cv-00080, ECF No. 9 (E.D. Tex. Apr. 10, 2020)...........................4

*Deol Transp., Inc. v. Certain Underwriters at Lloyd's, London, Lloyd's Policy*,
   No. CV 2:18-09754 (SJO) (SKx), 2019 WL 988688 (C.D. Cal. Jan. 29, 2019) ...6

*Easton-Bell Sports, Inc. v. E.I. DuPont de Nemours & Co.*,
   No. 13-cv-00283, 2013 WL 1283463 (N.D. Cal. Mar. 26, 2013).......................14

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) .............................................................................5

*EMC Corp. v. Bright Response, LLC*,
   No. C-12-2841, 2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) .................... 6, 11

*Fair Isaac Corp. v. PCI-U, LLC*,
   No. 5:17-cv-03324, 2017 WL 4877452 (N.D. Cal. Oct. 30, 2017) ....................14

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
   737 F.3d 704 (Fed. Cir. 2013) .............................................................................5

iv

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*,
   179 F.R.D. 264 (C.D. Cal. 1998) ................................................... 6, 11

*Halo Electronics, Inc. v. Bel Fuse Inc.*,
   No. C–07–06222 RMW, 2008 WL 1991094 (N.D. Cal. May 5, 2008) ................ 7

*Int'l Growers Supply, Inc. v. Atlantis Hydroponics, Inc.*,
   CV 12-03274 SJOJ (EMx), 2012 WL 13013415 (C.D. Cal. Aug. 8, 2012) ... 9, 11

*Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*,
   No. 10-CV-04628, 2011 WL 1302633 (N.D. Cal. Apr. 5, 2011) ....................... 10

*Juniper Networks, Inc. v. Mosaid Techs. Inc.*,
   No. C 11-6264, 2012 WL 1029572 (N.D. Cal. Mar. 26, 2012) ........................... 11

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) ......................................................................... 11

*KCC Class Action Servs., LLC v. Aetna, Inc.*,
   No. CV 18-1018-JFW(JEMx), 2018 WL 5094907 (C.D. Cal. Apr. 20, 2018) .... 10

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ...................................................................... 5, 6, 9

*Medtronic v. Edwards Lifesciences Corp.*,
   No. SACV 11-0961 JVS (MLGx), 2012 WL 12888673
   (C.D. Cal. Jan. 9, 2012) ...................................................................................... 9

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) ........................................................................... 5

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
   No. 5:11-CV-02288, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) ................... 10

*Randall May Int'l Inc. v. Pearl Corp.*,
   SACV-13-00016 (JVS) (RNBx), 2013 WL 12130018
   (C.D. Cal. June 3, 2013) ................................................................................. 6, 7

*SAES Getters S.p.A. v. Aeronext, Inc.*,
   219 F. Supp. 2d 1081 (S.D. Cal. 2002) ...................................................... 10, 12

v

*Therapy Stores, Inc. v. JGV Apparel Grp., LLC*,
   No. 4:16-cv-02588, 2016 WL 4492583 (N.D. Cal. Aug. 26, 2016) ...................12

*Tiller v. Atl. Coast Line R.R. Co.*,
   323 U.S. 574 (1945) ................................................................................................8

*TimeKeeping Sys., Inc. v. DwellingLIVE, Inc.*,
   No. SA CV 16-1207 DOC (SKx), 2016 WL 9086657
   (C.D. Cal. Sept. 9, 2016) ....................................................................................11

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013)................................................................6

*WP Banquet, LLC v. Lowe's Companies, Inc.*,
   No. 2:16-CV-02137-CAS*GJSx), 2016 WL 4472933
   (C.D. Cal. Aug. 24, 2016) ....................................................................................6

*Younger Mfg. Co. v. Essilor Int'l Compagnie Generale D. Optique*,
   No. CV 13-01210 (JVS)(PJWx), 2013 WL 12131286
   (C.D. Cal. May 29, 2013) ...................................................................................13

**Rules**

Fed. R. Civ. P. 12(b) .................................................................................................1

Fed. R. Civ. P. 15(c)............................................................................................7, 8

## **STATEMENT OF ISSUE TO BE DECIDED**

This is not the first-filed lawsuit on this matter. On March 17, 2020, Cellular Communications Equipment LLC ("CCE") filed suit in the U.S. District Court for the Eastern District of Texas (the "Texas Lawsuit"). In the first-filed Texas Lawsuit, CCE asserts that Plaintiff Huizhou TCL Mobile Communication Co. Ltd.'s ("Huizhou TCL") and TCL Corporation, the corporate parent company of Huizhou TCL and TCT Mobile (US) Inc. ("TCT"), infringe U.S. Patent. No. 7,218,923 (the "'923 patent"). The Texas Lawsuit concerns the same patent, the same Accused TCL Products, and substantially the same parties as this derivative action. Nevertheless, more than three weeks after the filing of the Texas Lawsuit, and after the defendants negotiated for an extended period of time to answer in that case, Huizhou TCL and TCT initiated this lawsuit, asking this Court to issue declaratory judgment that the same Accused TCL Products at issue in the Texas Lawsuit do not infringe the '923 patent. Under these circumstances, should the Court apply the first-to-file rule and dismiss or stay the instant action?

DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

8:20-cv-00702-JVS-ADS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

CCE requests the Court dismiss or stay pursuant to Rule 12(b)(3) because venue is improper pursuant to the first-to-file rule. The first-to-file rule allows district courts to decline jurisdiction when a complaint involves substantially similar parties and issues that are already before another district court. The Plaintiffs filed the Complaint in this matter well after CCE filed an infringement action involving the same patents and same accused products in the Eastern District of Texas against the Plaintiffs' parent company, TCL Corporation ("TCL Corp."), and one of TCL Corp.'s subsidiaries (the "Texas Lawsuit"). Since that Complaint, additional TCL subsidiaries, including Plaintiff Huizhou TCL, have been added as defendants in the Texas Lawsuit. CCE's prior lawsuit has priority over this case under the first-to-file rule because (a) it was filed weeks before this lawsuit, (b) the lawsuits involve substantially similar parties—CCE and overlapping TCL entities—and (c) both lawsuits involve substantially similar issues—namely, the infringement of the same patent-in-suit via the same accused products. No exception to the first-to-file rule applies. Given the inefficiencies that will result if this case continues, the Defendant CCE respectfully requests the Court dismiss or stay the instant case.

In addition, this case should be dismissed under Rule 12(b)(6) because the Complaint fails to allege sufficient facts, which if accepted as true, would state a claim for relief that is plausible on its face. Indeed, Plaintiffs fail to identify even one limitation of CCE's patent that is not present in the Accused TCL Products, much less recite anything about the operation of its products or services from which one could draw that inference.

## II.   STATEMENT OF FACTS

Plaintiffs filed this action, seeking declaratory judgment of non-infringement of U.S. Patent. No. 7,218,923 (the "'923 patent"), on April 9, 2020. Weeks earlier, on March 17, 2020, CCE filed a patent infringement lawsuit for infringement of the

same '923 patent in the United States District Court for the Eastern District of Texas against TCL Corporation—Plaintiffs' ultimate corporate parent—and TCL Corporation's subsidiaries in a case styled *Cellular Communications Equipment LLC v. TCL Corporation and TCL Electronics Holdings Limited*, Case No. 2:20-cv-00080 (the "Texas Lawsuit"). *See also* Ex. A, *American Patents LLC v. TCL Corp., et al*, Case No. 4:18-cv-767-ALM, ECF No. 52 at p. 2 (E.D. Tex. Mar. 7, 2019) (identifying TCL Corp. as both Plaintiffs' ultimate corporate parent). In the Texas Lawsuit, CCE alleges that these TCL entities infringe the '923 patent by making, using, selling, offering to sell, and/or importing mobile phones using version 4.2 and higher of the Android Operating system (the "Accused TCL Products").

On April 6, counsel for CCE received an email from Mr. Jeffrey Johnson, who identified himself as counsel for the TCL parties. Ex. B, Extension Emails, at p. 5; Bragalone Decl. at ¶ 2. In response, counsel for CCE, Mr. Jeff Bragalone and Mr. Jonathan Rastegar, conferred with Mr. Johnson on April 6 regarding an extension of time for TCL to answer in the Texas Lawsuit. Bragalone Decl. at ¶ 3. During the call, outside counsel for TCL stated that his clients would agree to waive service of process in exchange for a five-month extension of their answer date. *Id.* When counsel for CCE questioned why TCL needed such a lengthy extension, Mr. Johnson said a five-month extension was necessary because of the current travel restrictions resulting from the COVID-19 pandemic, and that he needed to travel to China to meet with his clients in order to prepare their defenses. *Id.* Mr. Johnson also raised the issue of the TCL entities that were defendants in the case. *Id.*, at ¶ 5. Mr. Johnson said that he believed that one of the entities we had sued was not involved in the manufacturing of the accused devices, and should be dismissed. *Id.* Mr. Bragalone indicated that CCE had already been looking into that issue and would be amending CCE's complaint very soon to add additional defendants. *Id.*

Counsel for CCE informed counsel for TCL that, since TCL's answer date was Thursday, April 9, CCE was willing to agree to a courtesy extension of TCL's answer

date of up to thirty days, but that counsel for CCE could not agree to a lengthy five-month extension of the TCL entities' answer date without discussing it with CCE. Bragalone Decl. at ¶ 4. Later that day (April 6), Mr. Johnson confirmed TCL's proposal in writing. Ex. B at p. 4; Bragalone Decl. at ¶ 6.

On April 9, 2020, Counsel for TCL sent an email requesting that the parties "tell something to the Court today," given that TCL's answer date was that day. Ex. B at pp. 3-4; Bragalone Decl. at ¶ 7. Counsel for the parties held a brief call later that day. During the call, counsel for CCE again informed Mr. Johnson that CCE planned to file an amended complaint to add two additional TCL entities to the Texas Lawsuit. Bragalone Decl. at ¶ 7. As such, counsel for CCE informed Mr. Johnson that CCE was willing to agree to the proposed five-month extension provided that TCL agreed to waive service of the amended complaint, as opposed to the original complaint. *Id*.; Ex. B at p. 2; Mr. Johnson inquired when CCE would file the amended complaint and counsel for CCE told him that it would either be that day (April 9) or the next. Ex. B at p. 2; Bragalone Decl. at ¶ 7.

Mr. Johnson said that he would need to confirm his clients' agreement to accept service of the Amended Complaint, and because he was unable to secure their agreement that day, the parties agreed to file an unopposed motion for a thirty-day extension of time for the TCL entities to answer the Complaint. Bragalone Decl. at ¶ 7.

Shortly after the April 9 call, counsel for CCE wrote to confirm that "TCL Corporation and subsidiaries of TCL Corporation" agreed to waive service of CCE's Amended Complaint. Ex. B at p. 2; Bragalone Decl. at ¶ 8. In the April 9 email, CCE again informed TCL that it would "file an Amended Complaint either today or tomorrow." Ex. B at p. 2; Bragalone Decl. at ¶ 8.

Later that day, CCE filed Unopposed Applications for Extension of Time to Answer Complaint for the TCL parties in the Texas Lawsuit. At no time during his negotiation for an extension of time to answer the Complaint in the Texas Action did

DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

8:20-cv-00702-JVS-ADS

counsel for TCL suggest, much less state, that TCL was in the midst of filing a declaratory judgment action relating to the same patent. Bragalone Decl. at ¶ 9.

Yet that same day, after securing a five-month courtesy extension in the first-filed Texas Lawsuit, TCL subsidiaries TCT and Huizhou TCL filed this declaratory judgment action. Indeed, TCL's April 9, 2020 Complaint concedes that "CCE filed a lawsuit in the U.S. District Court for the Eastern District of Texas alleging infringement of the '923 Patent." Dkt. No. 1 at ¶ 3. On April 10, 2020, CCE filed an Amended Complaint in the earlier filed Texas Lawsuit, specifically naming TCL Communication Technology Holdings Ltd., Huizhou TCL Mobile Communication Co. Ltd., and TCT Mobile International Ltd. in the Texas Lawsuit. *Cellular Comm'n Equipment LLC v. TCL Corp. et al*, Case No. 2:20-cv-00080, ECF No. 9 (E.D. Tex. Apr. 10, 2020). On April 26, 2020, each TCL defendant in the Texas Lawsuit executed waivers of service for the Amended Complaint in the Texas Lawsuit. *Id.* at ECF Nos. 11-15 (E.D. Tex. Apr. 26, 2020); Bragalone Decl. at ¶ 10.

The Eastern District of Texas has an extensive history with the '923 patent. On eighteen prior occasions, CCE asserted the '923 patent—each time in the Eastern District of Texas. And courts in the Eastern District of Texas have even issued claim construction orders for the '923 patent on multiple occasions. Rastegar Decl. at ¶¶ 2-3. Further, the Eastern District of Texas is also home to two other pending suits that assert the '923 patent, and accuse similar products manufactured by other foreign defendants. *Id.* at ¶ 4.

On June 8, CCE filed a motion to dismiss or stay this action pursuant to Rule 12(b)(3) and 12(b)(6). Dkt. No. 17. TCL did not file an opposition to the motion to dismiss or stay. Essentially conceding that, in its rush to the courthouse, TCL failed to meet even the minimal requirements of Rule 12(b)(6), TCL filed an amended complaint on June 22. Dkt. No. 20. The amended complaint does not moot CCE's currently unopposed motion to dismiss or stay pursuant to Rule 12(b)(3). Nonetheless, to avoid suggestion that it is not continuing to press its motion to

dismiss or stay based on the first-to-file rule, CCE renews its motion to dismiss pursuant to Rule 12(b)(3).

## III.   ARGUMENTS AND AUTHORITIES

Pursuant to the first-to-file rule, the Court should dismiss or stay this action. "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013); *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The application of the first-to-file rule is a question of patent law. *Futurewei*, 737 F.3d at 708 ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law.").

The first-to-file rule allows a court "to decline jurisdiction when a complaint involving substantially similar parties and issues has already been filed in another district court." *Futurewei*, 737 F.3d at 707; *see also Kohn L. Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). This first-to-file rule exists to "avoid conflicting decisions and promote judicial efficiency." *Merial*, 681 F.3d at 1299. To that end, the Federal Circuit applies "a general rule favoring the forum of the first-filed case." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 986 (N.D. Cal. 2011) ("In patent litigation, the first-filed action is preferred."). Although discretionary, deviating from the first-to-file rule requires "sound reason that would make it unjust or inefficient to continue the first-filed action." *Elecs. For Imaging*, 394 F.3d at 1347.

"Three threshold factors should be considered in deciding whether to apply the first-to-file rule and thereby dismiss or stay the later-filed suit: (1) the chronology of the two actions; (2) the similarity of the issues; and (3) the similarity of the

parties." *WP Banquet, LLC v. Lowe's Companies, Inc.*, No. 2:16-CV-02137-CAS*GJSx), 2016 WL 4472933, at *2 (C.D. Cal. Aug. 24, 2016). Here, all three of these factors favor applying the rule to dismiss or stay this declaratory judgment action. Thus, CCE requests the Court dismiss or stay the current lawsuit.

## A. The Chronology of the Actions Favors Application of the First-to-File Rule.

The first-to-file analysis ordinarily "start[s] by analyzing which lawsuit was filed first." *Kohn*, 787 F.3d at 1240. Here, the Texas Lawsuit is the first-filed action. CCE filed the Texas Lawsuit on March 17, several weeks before TCL's April 9 Complaint seeking declaratory judgment. Accordingly, the chronology favors application of the first-to-file rule. *See Deol Transp., Inc. v. Certain Underwriters at Lloyd's, London, Lloyd's Policy*, No. CV 2:18-09754 (SJO) (SKx), 2019 WL 988688, at *2 (C.D. Cal. Jan. 29, 2019) (finding "[t]he chronology factor is met" when the first action was filed "two full weeks before" the second action; *see also Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (applying first-to-file rule where second-filed suit was filed "over three weeks later"); *EMC Corp. v. Bright Response, LLC*, No. C-12-2841, 2012 WL 4097707, at *2 (N.D. Cal. Sept. 17, 2012) (finding the first factor satisfied where the first action was filed twenty-seven days before the second action).

Nevertheless, CCE anticipates that TCL may argue that the April 10 Amended Complaint in the Texas Lawsuit makes this the first-filed action. Notwithstanding the fact that CCE filed its Amended Complaint in the Texas Lawsuit more than two months before TCL filed its amended complaint in this case, TCL's anticipated argument is flawed. "In determining the chronology, the court should consider the date on which the original, rather than the amended, complaint was filed." *Randall May Int'l Inc. v. Pearl Corp.*, SACV-13-00016 (JVS) (RNBx), 2013 WL 12130018, at *2 (C.D. Cal. June 3, 2013) (citing *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998)). "A number of courts have held

that the filing of a complaint triggers the first-filed rule, regardless of whether the plaintiff later amends the complaint." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987-88 (N.D. Cal. 2011) (collecting cases). This approach "comport[s] with the general liberality of Rule 15." *Id.* at 988. Thus, the date of CCE's Original Complaint in the Texas Lawsuit controls, and there is no question that CCE first filed the Original Complaint weeks before Plaintiffs filed the complaint in this case.

### 1.   Should the Court analyze the relation back doctrine, CCE's Amended Complaint relates back to its original Complaint.

Although, the proper approach is to rely on the date of the original Complaint to determine chronology, some courts nevertheless analyze the relation back doctrine. *See Barnes & Noble*, 823 F. Supp. 2d at 988-91 (applying both views and determining that a plaintiff's amended complaint related back "to the extent [the plaintiff] must demonstrate relation back."). Under the relation back doctrine, an amended complaint "is considered to have been the first filed, even if it was not chronologically first, if the claims relate back to an original complaint that was chronologically filed first." *Halo Electronics, Inc. v. Bel Fuse Inc.*, No. C–07–06222 RMW, 2008 WL 1991094, at *2 (N.D. Cal. May 5, 2008); *Randall May*, 2013 WL 12130018, at *3.

CCE's Amended Complaint in the Texas Lawsuit relates back to the first-filed original Complaint. Rule 15(c) provides that an amendment adding a new defendant relates back to the original complaint when Rules 15(c)(1)(B) and 15(c)(1)(C) are satisfied. Under Rule 15(c)(1)(B), an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." FED. R. CIV. P. 15(c). Here, this requirement is satisfied. The original and Amended Complaint in the Texas Lawsuit arise from the same conduct, transaction, or occurrence—namely the infringement of the '923 patent by the Accused TCL Devices. Indeed, TCL's declaratory judgment action concedes that it arises out of the facts alleged in the original Texas Lawsuit:

1
2
3
4
5

> This relief is necessary because CCE filed a lawsuit in the U.S. District Court for the Eastern District of Texas alleging infringement of the '923 Patent in a case captioned *Cellular Communications Equipment LLC v. TCL Corporation and TCL Electronics Holdings Limited*, Case No. 2:20-cv-00080 (the "Texas Lawsuit"). … The Texas Lawsuit alleges infringement of the '923 Patent by mobile phones using version 4.2 and higher of the Android Operating system, including TCL Plex, TCL 10 Pro, TCL 10L, and TCL 5G (the "Accused TCL Products").

6  Dkt. No. 1 at ¶ 10.

7       Rule 15(c)(1)(C) requires only that, within 90 days of service of the original
8  complaint, the added party "received such notice of the action that it will not be
9  prejudiced in defending on the merits and[] knew or should have known that the
10 action would have been brought against it, but for a mistake concerning the proper
11 party's identity." FED. R. CIV. P. 15(c). Here, these requirements are satisfied: not
12 only did CCE file the Amended Complaint within 90 days, but all Defendants in the
13 Texas Lawsuit (including the added Defendants) executed waivers of service within
14 the 90-day period. Texas Lawsuit, ECF Nos. 11-15 (E.D. Tex. Apr. 26, 2020);
15 Bragalone Decl. ¶ 10. Notably, CCE inadvertently omitted certain TCL entities and
16 expressly told TCL that it would be amending the Complaint to include additional
17 TCL subsidiaries. Bragalone Decl. ¶¶ 4-5, 7-8. Further, Plaintiffs in this lawsuit
18 allege in the Complaint that there was a mistake concerning the proper party's
19 identity. Dkt. No. 1 ¶¶ 12-13. Accordingly, CCE's Amended Complaint satisfies the
20 requirements of Rule 15(c) and relates back.

21      This is consistent with the historic view of the relation back doctrine. "The
22 Supreme Court has interpreted the relation back doctrine liberally, to apply if an
23 amended pleading 'relate[s] to the same general conduct, transaction and occurrence'
24 as the original pleading." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1368
25 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 849 (2020) (quoting *Tiller v. Atl. Coast Line*
26 *R.R. Co.*, 323 U.S. 574, 580–81 (1945)). The Federal Circuit has generally followed
27 this approach adopting the logical relationship test for determining whether an
28 amendment relates back. *Anza*, 934 F.3d at 1368-69. The logical relationship test

"asks whether the facts underlying the alleged claims share an aggregate of operative facts." *Id.* at 1369. Key considerations in applying the test "include the overlap of parties, products or processes, time periods, licensing and technology agreements, and product or process development and manufacture." *Id.* Here each of these factors favor a finding that the Amended Complaint in the Texas Lawsuit relates back to filing of the Original Complaint.

**B. The Similarity of the Parties Favors Dismissal or Stay.**

The parties to the Texas Lawsuit and this case substantially overlap, thus warranting application of the first-to-file rule. This factor "does not require exact identity of the parties," but instead "requires only substantial similarity of parties." *Kohn*, 787 F.3d at 1240; *Microchip Tech.*, 2011 WL 2669627, at *3. "The parties can be considered similar for purposes of the first-to-file rule if the 'additionally named defendants in the two actions are merely derivative ... of the primary parties.'" *Int'l Growers Supply, Inc. v. Atlantis Hydroponics, Inc.*, CV 12-03274 SJOJ (EMx), 2012 WL 13013415, at *2 (C.D. Cal. Aug. 8, 2012).

Here, the parties to the Texas Lawsuit and this case are substantially similar. CCE and Huizhou TCL are parties to both cases. By itself, this is enough to find the parties to the Texas Lawsuit and this matter are substantially similar. Moreover, TCT, the only party in this case that is not a party to the Texas Lawsuit, is an entity connected to the primary party to the Texas Lawsuit (e.g., TCL Corp.). Ex. A, *American Patents LLC v. TCL Corp., et al*, Case No. 4:18-cv-767-ALM, ECF No. 52 at p. 2 (E.D. Tex. Mar. 7, 2019) (identifying TCL Corp. as TCT's ultimate corporate parent). Indeed, courts have repeatedly held that a subsidiary, such as TCT, is a substantially similar party to its corporate parent, such as TCL Corp. *See, e.g.*, *Medtronic v. Edwards Lifesciences Corp.*, No. SACV 11-0961 JVS (MLGx), 2012 WL 12888673, at *1 (C.D. Cal. Jan. 9, 2012) (finding the parties similar—even "though some of the parties are 'different corporate entities'"—when all actions involved Edwards Lifesciences Corporations and its subsidiaries, and Medtronic,

Inc. and its subsidiaries.); *KCC Class Action Servs., LLC v. Aetna, Inc.*, No. CV 18-1018-JFW(JEMx), 2018 WL 5094907, at *4 (C.D. Cal. Apr. 20, 2018) (finding parties to be similar under the first-to-file rule when the parties were affiliates); *Microchip Tech.*, 2011 WL 2669627, at *3 (finding that the parties were substantially similar because, although plaintiff in second-filed action was not a party in the first-filed action, it was a wholly-owned subsidiary of a defendant in the first-filed action); *see also Cadence Design Sys., Inc. v. OEA Int'l, Inc.*, No. CV11-0713, 2011 WL 4403619, at *3 (N.D. Cal. Sept. 20, 2011) (applying the first-to-file rule to declaratory judgment claims filed by a customer, when the customer was not a party to a first-filed action against manufacturer); *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, No. 5:11-CV-02288, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) (applying the first-to-file rule to declaratory judgment claims filed by a supplier, when the supplier was no longer a party to a first-filed action against supplier's customers); *Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*, No. 10-CV-04628, 2011 WL 1302633, at *3 (N.D. Cal. Apr. 5, 2011) (applying the first-to-file rule to declaratory judgment claims filed by successor-in-interest of accused products, when successor-in-interest was not a party to a first-filed action against its predecessor-in-interest). Considering the substantial overlap between the parties to the Texas Lawsuit and this case, the similarity of parties favors application of the first-to-file rule.

**C. The Similarity of the Issues Favors Dismissal or Stay.**

The sole issue in the present case is identical to an issue already present in the Texas Lawsuit: whether the Accused TCL Products infringe the '923 patent.[1] This fact alone is enough to find that the cases present similar issues. *See, e.g., EMC Corp.*

---

[1] In addition to the issue of infringement of the '923 patent by the TCL Accused Products, the Texas Litigation also includes CCE's claim for damages and other available relief, a claim that is not contemplated by the declaratory judgment action of this case.

| DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY | 8:20-cv-00702-JVS-ADS |
|---|---|

*v. Bright Response*, LLC, C-12-2841 EMC, 2012 WL 4097707, at *2 (N.D. Cal. Sept. 17, 2012) (finding that issues are similar when the actions concern the same patent); *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) (concluding that the similarity of the issues requirement was met where the first action sought declaratory judgment of five patents and damages for tortious interference while the second action was for patent infringement of only one of the five patents). Moreover, both cases will involve similar evidentiary disputes and claim construction arguments. *See, e.g.*, *Int'l Growers Supply*, 2012 WL 13013415, at *3. Further, the identical overlap between the patent and the infringing technology in these cases favors application of the first-to-file rule. *See TimeKeeping Sys., Inc. v. DwellingLIVE, Inc.*, No. SA CV 16-1207 DOC (SKx), 2016 WL 9086657, at *2 (C.D. Cal. Sept. 9, 2016) (finding the issues to be substantially similar where the cases involved the same patent, even when the cases involved different accused products); *Juniper Networks, Inc. v. Mosaid Techs. Inc.*, No. C 11-6264, 2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (applying the first-to-file rule where cases involved the same patents and accused products). Therefore, this factor favors application of the first-to-file rule to dismiss or stay this case.

**D. No Exception to the First-to-File Rule Applies.**

There are certain circumstances where a court may refrain from applying the first-to-file rule, including the customer-suit, bad faith, anticipatory suit, and forum shopping exceptions. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627-28 (9th Cir. 1991); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). None of these circumstances are present.

The customer-suit exception applies "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory judgment action brought by the manufacturer of the accused goods." *Kahn*, 889 F.2d at 1081. This exception does not apply. According to Plaintiffs' Complaint in this case, TCT does not manufacture the Accused TCL Products, but

instead imports those products. Dkt. 1 ¶ 14. Further, TCT is not a defendant in the Texas Lawsuit. *See* Ex. C, Texas Lawsuit, EFC No. 9 (E.D. Tex. Apr. 10, 2020). And while Plaintiffs' Complaint alleges that Huizhou TCL manufactures the Accused TCL Products (Dkt. 1 ¶ 13), Huizhou TCL, as well as other accused manufacturers, are defendants in the Texas Lawsuit. *See* Ex. C. This exception does not apply.[2]

The bad-faith exception applies "when the plaintiff in the first action induces the other party to rely, in good faith, on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum." *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-cv-02588, 2016 WL 4492583, at *5 (N.D. Cal. Aug. 26, 2016). "Filing first to establish tactical advantage over the defendant is not 'bad faith.'" *Id.* "Nor is bad faith established merely because one of the parties engaged in good-faith negotiations decides to file suit." *Id.* There is no evidence that CCE represented to TCL Corp. or any of its subsidiaries that it would not file a lawsuit before a certain time. Accordingly, the bad-faith exception does not apply.

Indeed, it is TCL who acted in bath faith by precuring an extension in the Texas Lawsuit. On April 6, outside counsel for TCL Corp. and Huizhou TCL requested a five-month extension in the Texas Lawsuit because the COVID-19 pandemic prevented adequate communication with his Chinese client. Bragalone Decl. ¶ 3. However, at the same time that counsel for TCL claimed to be unable to discuss a defense with his clients, Huizhou TCL—a Chinese company—was obviously able to communicate with the same TCL counsel to file a copy-cat, derivative suit in this district. Moreover, TCL refused to give more than a 30-day

---

[2] Indeed, even if TCL Corp. or another defendant in the Texas Lawsuit were Huizhou TCL's or TCT's customer, these entities are still part of the TCL mothership, and "the purpose of the customer-suit exception [is not] served where the purported 'customer' is also the owner … of the manufacturer." *See SAES Getters S.p.A. v. Aeronext, Inc.*, 219 F. Supp. 2d 1081, 1093 (S.D. Cal. 2002).

12

extension in this case (Bragalone Decl. ¶ 11), presumably because they hope to use the outsized extension of the deadline to answer in the Texas Lawsuit—gained via a misrepresentation—to advance this second-filed case ahead of the Texas Lawsuit. As is apparent from TCL's ability to file this declaratory judgment action, the COVID-19 pandemic did not prevent TCL from assessing its defenses, nor did it necessitate a 5-month extension in the Texas Lawsuit. And using a disease that has killed over 500,000 people in an ill-conceived attempt to put this action on a faster track than the Texas Lawsuit is reprehensible. The Court should not reward TCL's gamesmanship.

The anticipatory-suit exception applies if the plaintiff in the first-filed action filed suit "upon receipt of specific, concrete indications that a suit by the defendant was imminent." *Younger Mfg. Co. v. Essilor Int'l Compagnie Generale D. Optique*, No. CV 13-01210 (JVS)(PJWx), 2013 WL 12131286, at *2 (C.D. Cal. May 29, 2013). Here, no TCL entity gave CCE any indication that it was going to file a declaratory judgment action. Bragalone Dec. ¶ 10. Indeed, TCL's strategy to obtain an extension in the Texas Lawsuit required that TCL conceal their plan to file a declaratory action. Accordingly, the anticipatory-suit exception does not apply. *See Younger Mfg.*, 2013 WL 12131286, at *2. And here again, TCL's conduct merits review of this exception. On both April 6 and April 9, CCE informed TCL that is intended to amend its Complaint to include additional TCL subsidiaries. With this information, TCL rushed to this Court to file its Complaint before CCE could amend its Complaint. The need for TCL to file an Amended Complaint in order to satisfy Rule 12(b)(6) evidences the rushed nature of its actions. To the extent this exception applies, the Court should dismiss or stay this case.

The forum-shopping exception applies only when a party files "a federal action to 'avoid adverse rulings made in [another] court or to gain a tactical advantage from the application of federal court rules.'" *Cardoza v. T-Mobile USA Inc.*, No. 08-5120, 2009 WL 723843, at *3 (N.D. Cal. Mar. 18, 2009). In filing the

Eastern District of Texas actions, CCE is not attempting to avoid any adverse court rulings from this Court or any other court. The Central District of California has not made any rulings with respect to the '923 patent. Indeed, each district court matter involving this patent was before a court in the Eastern District of Texas. Rastegar Dec. ¶ 2. Further, CCE did not gain a tactical advantage in the application of federal law by filing in the Eastern District of Texas, as both courts apply federal law. *See Easton-Bell Sports, Inc. v. E.I. DuPont de Nemours & Co.*, No. 13-cv-00283, 2013 WL 1283463, at *6 (N.D. Cal. Mar. 26, 2013) ("The operative substantive law is federal and would not motivate forum shopping.").

Indeed, this Court may presume that TCL engaged in forum shopping by seeking to avoid the Eastern District of Texas, likely in an effort to ask a different court re-do the existing claim constructions. *See Fair Isaac Corp. v. PCI-U, LLC*, No. 5:17-cv-03324, 2017 WL 4877452, at *5 (N.D. Cal. Oct. 30, 2017) ("Although FICO's true motives are unknown, it is self-evident that FICO filed the instant action in response to PCI-U's first-filed suit, which strongly suggests forum shopping."). Indeed, patent infringement matters involving the '923 patent have been in Eastern District of Texas eighteen times, resulting in numerous orders and opinions of the from the district, including discovery motions, Daubert motions, and three claim construction orders. Rastegar Dec. ¶¶ 2-3. The apparent effort at forum-shopping by TCL requires that the case be dismissed or, in the alternative, stayed.

## IV.   CONCLUSION

CCE respectfully requests the Court dismiss or stay this action pending resolution of the first-filed Texas Lawsuit. The Texas Lawsuit involves the identical issue and near-identical parties. Further, the Eastern District of Texas is the logical home of this dispute: the Eastern District of Texas is intimately familiar with this '923 patent and its underlying technology, entertaining discovery disputes, Daubert disputes and issuing multiple discovery-related, Daubert, and claim construction orders. Moreover, two lawsuits filed within days of the Texas Lawsuit are currently

| DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY | 8:20-cv-00702-JVS-ADS |
|---|---|

pending in the Eastern District of Texas. Thus, dismissing or staying this case in favor of the Texas Lawsuit will conserve judicial resources and lessen the burden on all parties.

Dated July 6, 2020          Respectfully submitted

By: */s/ Stephanie R. Wood*
Stephanie R. Wood (SBN: 242572)
     *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application pending)
     *jbragalone@bcpc-law.com*
Jonathan H. Rastegar (*pro hac vice* application pending)
     *jrastegar@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN: 181464)
     *ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622


Attorneys for Defendant
Cellular Communications Equipment LLC

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on July 6, 2020, I electronically filed the foregoing

3 document using the Court's ECF system which will electronically serve the same

4 upon all counsel of record.

5

6                    By: */s/ Ben Davidson*
                     Ben M. Davidson (SBN: 242572)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO STAY

8:20-cv-00702-JVS-
ADS