Stephanie R. Wood (SBN: 242572)
  *swood@bcpc-law.com*
Jeffrey R. Bragalone (admitted *pro hac vice*)
  *jbragalone@bcpc-law.com*
Jonathan H. Rastegar (*pro hac vice* application pending)
  *jrastegar@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN:181464)
  *ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Defendant
Cellular Communications Equipment LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.<br><br>                     Plaintiffs,<br><br>        vs.<br><br>CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>                     Defendant. | Case No. 8:20-cv-00702-JVS-ADS<br><br>**DEFENDANT CELLULAR COMMUNICATIONS EQUIPMENT LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        August 3, 2020<br>Time:        1:30 p.m.<br>Courtroom:  10C<br>Judge:       Hon. James V. Selna |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................1

II.     FACTUAL BACKGROUND.................................................3

III.    ARGUMENTS AND AUTHORITIES ...................................6

    A.   TCT Mobile May Bring Its Claims in the Texas Litigation. ...................6

    B.   The Eastern District of Texas Is the Most Logical Forum for this Dispute. ......................................................7

    C.   As the Court of the First-Filed Action, the Eastern District of Texas Should Weigh the Convenience Factors.................................9

    D.   Convenience Factors Favor Proceeding with the Texas Litigation.......10

        1.   Plaintiff's Choice of Forum.........................................11

        2.   Convenience of the Witnesses.......................................11

        3.   Location of Evidence................................................12

    E.   TCT Mobile's Unilateral Declaration that It Is a "Necessary or Desirable Party" Should Not Deny CCE of Its Choice of Forum. ........13

    F.   TCL's "Exceptions" Do Not Warrant Deviating from the First-to-File Rule. ........................................................15

IV.     CONCLUSION............................................................15

# TABLE OF AUTHORITIES

**Cases**

*Allstar Mktg. Grp. v. Your Store Online, LLC*,
  666 F. Supp. 2d 1109 (C.D. Cal. 2009)................................................................11

*Amerifreight, Inc. v. Belacon Pallet Services, LLC*,
  2:15-cv-5607-RSWL-(JPRx), 2015 WL 13037420 (C.D. Cal.
  Nov. 10, 2015) ................................................................................ 1, 9, 13

*Arcona, Inc. v. Farmacy Beauty, LLC*,
  2:17-cv-07058-ODW-JPR, 2018 WL 1441155 (C.D. Cal. Mar. 22, 2018)........11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................5

*Bohara v. Backus Hospital Medical Benefit Plan*,
  390 F. Supp. 2d 957 (C.D. Cal. 2005)........................................... 11, 12

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
  No. CV 17-379-LPS, 2017 WL 3980155 (D. Del. Sept. 11, 2017) ......................6

*Brocq v. Lane*,
  3:16-CV-2832-D, 2017 WL 1281129 (N.D. Tex. Apr. 6, 2017) ...........................1

*Commun. Test Design, Inc. v. Contec, LLC*,
  952 F.3d 1356 (Fed. Cir. 2020) ...................................................................10

*Delta Dawgs Constr. Corp. v. Servpro Industries, Inc.*,
  LA CV18-02907-JAK(JCx), 2018 WL 8731932 (C.D. Cal. Aug. 20, 2018) ....2, 9

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ...................................................................5

*Fireman's Fund Ins. Co. v. National Bank for Cooperatives*,
  No. C 92-2667 BAC, 1993 WL 341274 (N.D. Cal. Aug. 27, 1993)...................11

*Genentech, Inc. v. Eli Lilly and Co.*,
  998 F.2d 931 (Fed. Cir. 1993) ...................................................................10

ii

*In re Centrix Fin., LLC,*
   09-CV-00088-PAB-CBS, 2019 WL 4242667 (D. Colo. Sept. 6, 2019) ...............1

*Intellectual Ventures I LLC v. Altera Corp.,*
   842 F. Supp. 2d 744 (D. Del. 2012) .....................................................7

*Katz v. Lear Siegler, Inc.,*
   909 F.2d 1459 (Fed. Cir. 1990) .........................................................15

*Kyocera Commc'ns, Inc. v. Potter Voice Techs., LLC.,*
   No. 13-CV-0766-H BGS, 2013 WL 2456032 (S.D. Cal. June 5, 2013) ..............14

*Lawlor v. Nat'l Screen Serv. Corp.,*
   349 U.S. 322 (1955) ....................................................................7

*Lax v. Toyota Motor Corp.,*
   65 F. Supp. 3d 772 (N.D. Cal. 2014) ...................................................12

*Micron Tech., Inc. v. Mosaid Techs., Inc.,*
   518 F.3d 897 (Fed. Cir. 2008) ..........................................................9

*Mobile Tech, Inc. v. InVue Sec. Products Inc.,*
   CV 17-07491-SJO-(AFMx), 2018 WL 2558390 (C.D. Cal. Jan. 30, 2018) ........12

*Nexon America Inc. v. Uniloc 2017 LLC,*
   No. CV 19-1096-CFC, 2020 WL 3035647 (D. Del. June 5, 2020) ....................13

*Ours Tech., Inc. v. Data Drive Thru, Inc.,*
   645 F. Supp. 2d 830 (N.D. Cal. 2009).................................................13

*Paragon Industries, L.P. v. Denver Glass Mach., Inc.,*
   CIV.A. 3-07CV2183-M, 2008 WL 3890495 (N.D. Tex. Aug. 22, 2008) ...... 7, 11

*Senju Pharm. Co., Ltd. v. Apotex Inc.,*
   746 F.3d 1344 (Fed. Cir. 2014) ........................................................7

*Telectronics Pacing Systems v. Ventritex, Inc.,*
   982 F. 2d 1520 (Fed. Cir. 1992) .......................................................6

*Thomas & Betts Corp. v. Robroy Industries, Inc.,*
   CV-15-04150-BRO-(GJSx), 2015 WL 4718892 (C.D. Cal. Aug. 6, 2015) ........13

*Uniloc 2017 LLC v. Apple Inc.*,
 6-19-CV-00532-ADA, 2020 WL 3415880 (W.D. Tex. June 22, 2020) ..............12

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
 917 F.2d 1574 (Fed. Cir. 1990) ............................................................................6

*VIZIO, Inc. v. Pragmatus Telecom, LLC*,
 SA-cv-14-00462-JAK-(RNBx), 2014 WL 12584306 (C.D. Cal.
 June 18, 2014)...................................................................................... 1, 9, 10

*Woodway USA, Inc. v. Samsara Fitness, LLC*,
 15-CV-956-PP, 2016 WL 3282218 (E.D. Wis. June 14, 2016)..........................14

**Statutes**

28 U.S.C. § 1391(b) ..................................................................................................7

35 U.S.C. § 284 ......................................................................................................15

## **MEMORANDUM OF POINTS AND AUTHORITIES**

# **I.  INTRODUCTION**

TCL does not dispute that the Texas Lawsuit is the first-filed action or that the parties and issues of the Texas Lawsuit and the present matter substantially overlap. Thus, TCL does not dispute that the first-to-file rule applies. Nevertheless, TCL's opposition seeks to have the Court disregard the first-to-file rule and instead perform a convenience analysis under 28 U.S.C. § 1404. But TCL misapplies the straightforward methodology of the first-to-file rule:

> (1)  The second-filed court determines whether the two actions substantially overlap;
>
> (2)  If the actions substantially overlap, the court stays, transfers, or dismisses the case; and
>
> (3)  The first-filed court then determines whether the second filed action should proceed.

*Amerifreight, Inc. v. Belacon Pallet Services, LLC*, 2:15-cv-5607-RSWL-(JPRx), 2015 WL 13037420, at *2 (C.D. Cal. Nov. 10, 2015); *In re Centrix Fin., LLC*, 09-CV-00088-PAB-CBS, 2019 WL 4242667, at *4 (D. Colo. Sept. 6, 2019); *Brocq v. Lane*, 3:16-CV-2832-D, 2017 WL 1281129, at *4 (N.D. Tex. Apr. 6, 2017). To the extent that TCL wishes to argue convenience factors under Section 1404, it must do so through the proper vehicle: a motion to transfer submitted in the *first-filed* court. Indeed, "the administration of justice would be chaotic" if "the court in a second-filed action considers the convenience factors in connection with a motion to dismiss pursuant to the first-to-file rule." *VIZIO, Inc. v. Pragmatus Telecom, LLC*, SA-cv-14-00462-JAK-(RNBx), 2014 WL 12584306, at *3 (C.D. Cal. June 18, 2014).

Nevertheless, TCL asks the Court to embrace this chaos by arguing that convenience factors favor deviating from the first-to-file rule. But even if it were proper for this Court to perform a Section 1404 analysis, TCL bases its convenience arguments on legal and factual errors. TCL's opposition rests largely on a legally

flawed premise—that TCT Mobile cannot be added to the Texas Lawsuit. But the Court may transfer TCT Mobile to the Eastern District of Texas where it can join the first-filed Texas Lawsuit as a counter-plaintiff, and TCT Mobile is always free to move to intervene (and, though TCT Mobile is not a necessary party, CCE would not oppose such a motion). Thus, allowing the case to proceed in the Eastern District of Texas will resolve all claims related to the '923 patent. TCL's argument is further based on factual mischaracterizations of CCE's pleadings in the Texas Lawsuit and the status of pending cases in the Eastern District of Texas that involve the '923 patent.

The actual facts surrounding the case favor applying the first-to-file rule. And the Eastern District of Texas is best situated to determine what the complaint in the Texas Lawsuit alleges. Analysis of the facts in the Texas Lawsuit, along with all other convenience factors is "best left to the court in the first-filed action." *Delta Dawgs Constr. Corp. v. Servpro Industries, Inc.*, LA CV18-02907-JAK(JCx), 2018 WL 8731932, at *6 (C.D. Cal. Aug. 20, 2018).

The Eastern District of Texas is also the most logical and efficient forum for this dispute. Not only has the Eastern District of Texas historically handled numerous cases involving the '923 patent, it is home to two other currently pending lawsuits involving the '923 patent. While TCL attempts to minimize the significance of these cases by mischaracterizing their status, they are proceeding, and it would be a waste of judicial resources to needlessly duplicate matters such as claim construction. Moreover, the Eastern District of Texas represents CCE's choice of forum. As plaintiff in the first-filed suit, CCE's choice of forum should not be lightly disregarded.

TCL's Response makes clear that it will seek to dismiss, stay, or transfer the Texas Lawsuit. In short, TCL asks the Court to deprive CCE of its choice of forum based on a self-serving claim that TCT Mobile is "necessary or desirable" to the Texas Lawsuit. The Texas court should be allowed to decide whether TCT Mobile is

1  "necessary or desirable" to the Texas Lawsuit. And even if TCT Mobile were

2  "necessary or desirable," (it is not), it can be added to the Texas Lawsuit. There is

3  no need to disturb CCE's choice of forum.

## II. FACTUAL BACKGROUND

5  While the motion to dismiss sets forth the relevant facts, CCE provides this

6  factual background to correct inaccuracies and misleading statements in TCL's

7  Response. CCE is a Texas Corporation with a principal place of business in the

8  Eastern District of Texas (Frisco, Texas and, previously, Plano, Texas). Declaration

9  of Eric Lucas "Lucas Decl." at ¶4. CCE is not "based in Irvine, California," as TCL

10  claims. *See* Response at 1. And contrary to TCL's claims, CCE does not have "offices

11  in Newport Beach, California." Response at 21. In fact, CCE does not have offices

12  anywhere in California. Lucas Decl. ¶4.

13  CCE is not registered to do business in California. *Id*. at ¶5. Notably, TCL

14  does not cite a single government record to support its repeated claims that CCE is

15  a California company. *See, e.g.*, Response at pp. 1, 13. Instead, TCL points to a

16  "SmartLinx Business Report" and declares it a "publicly available record." *Id*. at 21.

17  As an initial matter, calling a document a "publicly available record" does not make

18  the document a public record. A brief review of this supposed "publicly available

19  record" reveals it to be riddled with factual errors:

20  - CCE was formed in 2013, not 2006;

21  - CCE has never had offices in California;

22  - CCE has never been affiliated with Manduley, Inc.;

23  - CCE has never operated in Florida;

24  - CCE was never registered to do business in Florida;

25  - Teresita Pedrosa has never been a registered agent for CCE; and

26  - Lawrence Pedrosa has no affiliation with CCE.

27  Lucas Decl. ¶¶3-7. This non-exhaustive list of errors demonstrates why TCL's

28  specious claims that CCE is based in California should be afforded no weight. CCE

is not based in California; CCE is based in Texas, and always has been.

CCE filed suit against five TCL entities in the Eastern District of Texas. The complaint in the Texas Lawsuit alleges that these entities directly infringe the '923 patent. The '923 patent claims a method and apparatus for controlling the messaging permissions of applications operating on a mobile device. D.I. 1-1 at Abstract, Claim 1, Claim 24. There is no dispute that the Texas Lawsuit is the first-filed action.

In addition to the Texas Lawsuit, there are two other matters involving the '923 patent currently pending in the Eastern District of Texas:

- *Cellular Communications Equipment LLC v. HMD Global Oy*, 2:20-cv-00078-JRG; (the "*HMD* matter"); and

- *Cellular Communications Equipment LLC v. One Plus Tech. Co. Ltd.*, 2:20-cv-00079-JRG (the "*OnePlus* matter").

Declaration of Jeffrey Bragalone "Bragalone Decl." ¶2. On June 17, 2020, the Court issued an order in the *HMD* matter setting various deadlines for the parties. Ex. A, *HMD* Matter, ECF. No. 14 at 2. CCE served infringement contentions in the *HMD* matter on July 6, and HMD's invalidity contentions are due August 31, 2020. *Id.*; Bragalone Decl. ¶4. On July 20, the court held a status conference in the *HMD* matter and set dates for a *Markman* hearing and trial. Ex. A at 1; Bragalone Decl. ¶4.

Jeffrey Johnson represents the defendants in the *OnePlus* matter. *See* Ex. B, *OnePlus* Matter, ECF No. 21 at 2 (signature block). And Mr. Johnson is counsel for TCL in this matter. On June 11, 2020, the parties to the *OnePlus* matter filed a joint motion seeking to set September 30, 2020 as the deadline for defendants to answer or otherwise respond. As part of that motion, the defendants "waive(d) the service of process requirements under Federal Rule of Civil Procedure 4(h) and 4(f)(1) and [agreed to] not challenge service in exchange for the current extension." *Id.* at 2. Mr. Johnson was a signatory to the motion. *Id.* On June 12, the court granted the motion and stated in the order that defendants "waive(d) foreign service requirement." Ex. C, *OnePlus* Matter, ECF No. 22. Yet on July 13, Mr. Johnson signed a declaration

filed with this Court stating that "[b]ased on my review of the docket for *Cellular Communications Equipment LLC v. One Plus Technology Co. Ltd.*, I have formed a belief that Defendant OnePlus has not been served with a complaint." D.I. 28-20 ¶16. TCL cannot reconcile this declaration with the conduct of and motion by its counsel filed in the *OnePlus* matter. Apparently, counsel for TCL believes that it can accept service of the complaint in the Texas Action via an executed waiver of service and then file a misleading declaration in this case, claiming that its client "has not been served," despite the fact that OnePlus has a *stipulated answer date*. This Court should not countenance such gamesmanship.

Further, TCL inaccurately characterizes the complaint in the Texas Lawsuit. The complaint in the Texas Lawsuit satisfies the pleading standard by detailing the infringement of *a* claim against *a* product, but the complaint is not exhaustive; nor is it required to be so. TCL's contention that this case is limited to claim 1 of the '923 patent is incorrect. It is well settled that the complaint merely needs to provide fair notice of the claim and the ground upon which it rests. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). There is no requirement that a plaintiff list all asserted claims in its initial complaint. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding complaint sufficient when alleging accused products "meet 'each and every element of at least one claim of the [asserted patents]'"). Indeed, in the Texas Lawsuit, CCE is not required to disclose the list of asserted claims until it serves its "Disclosure of Asserted Claims and Infringement Contentions." *See, e.g.*, Ex. D, Eastern District of Texas Local Patent Rule, at Rule 3-1(a). There is no basis to conclude that this case or the Texas Lawsuit is limited to a method claim.

And even if CCE's Complaint in the Texas Lawsuit were exhaustive, CCE explicitly alleges that the TCL entities directly infringe the '923 patent. D.I. 17-3 ¶¶47-50. While there is no requirement that a complaint exhaust all theories of infringement, the complaint in the Texas Lawsuit identifies several theories of direct

infringement. The complaint included "a claim chart detailing how the Accused Products infringe the '923 patent." *Id.* at ¶49. The claim chart states:

> TCL makes, uses, tests, offers for sale, sells, and/or imports user equipment operating version 4.2 and higher of the Android Operating system (the "TCL Devices"). Each of the TCL Devices includes the features identified in this chart. The features and functionality identified in this chart cause the TCL Devices to practice the asserted claims of U.S. Patent No. 7,218,923 (the "'923 patent").

Ex. E, Texas Lawsuit, ECF No. 1-1 (abridged). TCL's claim that the sole theory of direct infringement is limited to testing is wrong. Moreover, TCL's claim that CCE's claims are "based primarily on an allegation of indirect infringement" is contrary to the explicit language in the complaint in the Texas Lawsuit.

## III.    ARGUMENTS AND AUTHORITIES

### A. TCT Mobile May Bring Its Claims in the Texas Litigation.

Venue is proper in the Eastern District of Texas for TCT Mobile's declaratory judgment claims. While 28 U.S.C. § 1400 governs venue for patent infringement claims, 28 U.S.C. § 1391 governs declaratory judgment claims (including claims for non-infringement). *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583–84 (Fed. Cir. 1990) ("It has long been held that a declaratory judgment action alleging that a patent is invalid and not infringed—the mirror image of a suit for patent infringement—is governed by the general venue statutes, not by § 1400(b)."); *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. CV 17-379-LPS, 2017 WL 3980155, at *6 (D. Del. Sept. 11, 2017) ("Venue in a declaratory judgment action for patent noninfringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b)."); *see also Telectronics Pacing Systems v. Ventritex, Inc.*, 982 F. 2d 1520, 1526 n.6 (Fed. Cir. 1992) ("A count under the Declaratory Judgment Act

should be distinguished from a count under 35 U.S.C. § 271 for patent infringement."). 28 U.S.C. § 1391 governs TCT Mobile's declaratory judgment claim. Because CCE resides in the Eastern District of Texas, venue in that district is proper for TCT Mobile's declaratory judgment claim. 28 U.S.C. § 1391(b) (venue is proper in "a judicial district in which any defendant resides.").

## B. The Eastern District of Texas Is the Most Logical Forum for this Dispute.

The correct forum for this dispute is the Eastern District of Texas. The Texas Lawsuit will resolve whether the TCL Devices infringe the '923 patent and, thus, resolve this dispute. TCL's suggestion that CCE "could try to sue TCT Mobile" if it lost the Texas Lawsuit is wrong.

It is well-settled that "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955); *Senju Pharm. Co., Ltd. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014). TCT Mobile is a privy of the TCL entities in the Texas Lawsuit. Thus, CCE could not re-litigate a decision from the Texas Lawsuit against TCT Mobile. And if TCT Mobile disputes this, nothing prevents it from participating in the Texas Lawsuit as a counter-plaintiff.

The Eastern District of Texas is CCE's choice of forum. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 753–54 (D. Del. 2012). "Allowing an alleged infringer to choose the forum subverts the real plaintiff's advantage in choosing the forum." *Paragon Industries, L.P. v. Denver Glass Mach., Inc.*, CIV.A. 3-07CV2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008). Contrary to TCL's suggestion, CCE's decision to file suit in the Eastern District of Texas was not gamesmanship. The Eastern District of Texas is where CCE resides. And CCE has the '923 patent in the Eastern District of Texas

7

eighteen times. As a prior venue for CCE's actions asserting the '923 patent, the Eastern District of Texas has an ongoing familiarity with the '923 patent, making it the logical location to file CCE's lawsuit.

The Eastern District of Texas also currently presides over two other pending matters involving the '923 patent. Keeping these matters together in the same court conserves judicial resources by avoiding duplicate work related to claim construction, validity, and infringement. Contrary to TCL's suggestion, these related cases are progressing. In the *HMD* matter, CCE has already served infringement contentions and defendant's invalidity contentions are due August 31, 2020. Bragalone Decl. ¶4. Moreover, the Court set *Markman* and trial dates for February 17, 2021 and August 2, 2021, respectively. *Id*.

In the *OnePlus* matter, the parties agreed to an extension of time to answer in exchange for a waiver of service. Ex. B at 1-2. In light of this and the fact that TCL and OnePlus share the same counsel, it is troubling that TCL later claimed:

> The defendants in the OnePlus litigation have not yet been served, and since those defendants reside in China and must be served under the Hague Convention—a process that is currently taking a year or longer—it is uncertain whether or when they will be served. Johnson Decl. ¶16.

Response at 23-24. On June 11, OnePlus, on behalf of its counsel, Mr. Johnson, filed a motion acknowledging that it accepted service in exchange for an extension of time to answer. Ex. B at 1-2. TCL cannot credibly claim, based on a declaration of Mr. Johnson, that OnePlus has not been served or that the time to serve OnePlus via the Hague Convention is relevant to the *OnePlus* matter.

The Eastern District of Texas has a long history with the '923 patent. As detailed in CCE's motion, CCE has asserted the '923 patent on numerous occasions in the Eastern District of Texas. While TCL notes that the prior matters were before Magistrate Judge Mitchell (whom the parties consented after Judge Davis retired),

TCL ignores the fact that Judge Gilstrap could use Judge Mitchell as the magistrate in the case. This possibility underscores why it is preferable to allow the court in the first-filed Texas Lawsuit to evaluate the convenience factors.

### C. As the Court of the First-Filed Action, the Eastern District of Texas Should Weigh the Convenience Factors.

The "court with jurisdiction over the first-filed action should weigh the convenience factors in the first instance." *VIZIO*, 2014 WL 12584306, at *3. "If the first-to-file rule applies to a suit, the second-filed court may transfer, stay, or dismiss the proceeding in order to allow the first-filed court to decide whether to try the case." *Amerifreight*, 2015 WL 13037420, at *2. The question before this Court is whether there is substantial overlap between the Texas Lawsuit and the present matter. If there is substantial overlap, which TCL's Response concedes, the caselaw states that the Eastern District of Texas should analyze the convenience factors and should decide where the dispute should proceed. *See, e.g.*, *Delta Dawgs*, 2018 WL 8731932, at *6 (C.D. Cal. Aug. 20, 2018) ("The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action."); *VIZIO*, 2014 WL 12584306, at *3 (C.D. Cal. June 18, 2014) ("The administration of justice would be chaotic if ... the court in a second-filed action considers the convenience factors in connection with a motion to dismiss pursuant to the first-to-file rule.").

The cases TCL cites in its Response echo this approach. In *Micron Tech., Inc. v. Mosaid Techs., Inc.*, the first-filed action was Micron's declaratory judgment action. 518 F.3d 897, 900 (Fed. Cir. 2008). The district court dismissed the declaratory judgment for lack of subject matter jurisdiction based on the reasonable apprehension of suit test. *Id.* Shortly thereafter, the Supreme Court rejected the reasonable apprehension test. *Id.* at 900-01. The Federal Circuit then reversed the dismissal and explained that the first-filed court should consider the convenience factors. *Id.* at 902-903.

9

Likewise, in *Genentech, Inc. v. Eli Lilly and Co.*, the first-filed action was Genentech's declaratory judgment action. 998 F.2d 931, 935 (Fed. Cir. 1993), abrogated by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The district court then relied on its discretion to dismiss the first-filed declaratory judgment action in favor of a second-filed patent infringement case. *Id.* The Federal Circuit reversed, finding that the first-filed court abused its discretion by not providing a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* at 938. The Federal Circuit explained that it was within the province of the first-filed court to decide whether the convenience factors provide such a reason. *Id.*

In *Commun. Test Design, Inc. v. Contec, LLC*, the first-filed suit was CTDI's declaratory judgment action in the Eastern District of Pennsylvania. 952 F.3d 1356, 1358 (Fed. Cir. 2020). Six days later, Contec sued CTDI for patent infringement in the Northern District of New York. *Id.* Contec then moved to dismiss the first-filed Pennsylvania action based on its anticipatory nature and CTDI's bad faith. *Id.* The first-filed district court then found that the facts and convenience of the parties warranted dismissal. *Id.* at 1360. The Federal Circuit affirmed. *Id.* at 1361.

CCE's motion advocates for the same methodology taken in these cases—allowing the first-filed court to evaluate the convenience factors. This approach does not deprive TCL of the ability to argue the convenience factors: it merely ensures that the first-filed court will weigh the convenience factors in the first instance. *See VIZIO*, 2014 WL 12584306, at *3.

**D. Convenience Factors Favor Proceeding with the Texas Litigation.**

TCL's Response makes clear that if the Court declines to follow the first-to-file rule, TCL will seek to dismiss, stay, or transfer the Texas Lawsuit. Response at 24-25. Thus, TCL's Response is an attempt to have this Court force the hand of the Eastern District of Texas on a motion to transfer under 28 U.S.C. § 1404. Notably, TCL does not even articulate the factors that courts consider in evaluating convenience, let alone overcome the high bar associated with depriving the true

plaintiff of its choice of forum.

In deciding a motion to transfer venue, "the Court weighs several factors, including, (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Arcona, Inc. v. Farmacy Beauty, LLC*, 2:17-cv-07058-ODW-JPR, 2018 WL 1441155, at *7–8 (C.D. Cal. Mar. 22, 2018). To the extent these factors are relevant to the present dispute, they favor allowing the Texas Lawsuit.

### 1. Plaintiff's Choice of Forum

"A plaintiff's choice of venue is generally accorded deference." *Allstar Mktg. Grp. v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009). "This is particularly true when the plaintiff chooses to litigate in their home forum." *Arcona*, 2018 WL 1441155, at *8. Here, CCE is a Texas company based in the Eastern District of Texas. As the "true plaintiff" CCE's preferred forum should be "accorded significant weight." *Paragon*, 2008 WL 3890495, at *5.

### 2. Convenience of the Witnesses

As an initial matter, generic statements regarding where witnesses might be located are insufficient to demonstrate the convenience of the witnesses favors one forum over the other. Indeed, the party advocating for this factor "must name the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the reasons why the present forum would present hardship to them." *Bohara v. Backus Hospital Medical Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *Fireman's Fund Ins. Co. v. National Bank for Cooperatives*, No. C 92-2667 BAC, 1993 WL 341274, *4 (N.D. Cal. Aug. 27, 1993) ("The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included"). Moreover, "[t]he convenience of party witnesses is given less weight than the convenience of non-party witnesses." *Mobile Tech, Inc. v. InVue Sec. Products Inc.*, CV 17-07491-SJO-(AFMx), 2018 WL

11

2558390, at *3 (C.D. Cal. Jan. 30, 2018).

TCL does not identify any specific witnesses, but instead makes generalized statements about the knowledge of TCT Mobile's employees. *See* Response at 20. Such generalized statements are insufficient to satisfy the requirements of this factor. Moreover, the generalized statements relate to the sale and marketing of the Accused Products. Marketing witnesses are rarely significant in patent litigation as such cases tend to revolve more around the operation of the Accused Products.

TCL next argues that third-party Google will have witnesses and evidence because this case involves features of the Android operating system. Response at 22. This argument is a red herring. While Google develops the Android operating system, CCE does not anticipate seeking information from Google for this dispute. Indeed, in the fifteen prior lawsuits involving the '923 patent, no Google witness has been deposed. Bragalone Decl. ¶3. Moreover, Google has never even been subpoenaed in relation to the '923 patent. *Id*. And no Google employee has ever appeared on a trial witness list related to the '923 patent. *Id.*

### 3.  Location of Evidence

"[T]he location of documents is increasingly irrelevant in the age of electronic discovery, when thousands of pages of documents can be easily digitized and transported to any appropriate forum." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 780 (N.D. Cal. 2014). Indeed, "access to documents that are available electronically provide little benefit in determining whether a particular venue is more convenient than another." *Uniloc 2017 LLC v. Apple Inc.*, 6-19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020). To show that the location of evidence favors one forum over another, a party must demonstrate "with particularity the location, difficulty of transportation, and importance of such record[s]." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005). TCL's generic statements about potentially relevant documents do not demonstrate that this forum is favorable to the Eastern District of Texas.

### E. TCT Mobile's Unilateral Declaration that It Is a "Necessary or Desirable Party" Should Not Deny CCE of Its Choice of Forum.

As detailed above, TCT Mobile may join the Texas Lawsuit as a counter-plaintiff. Thus, any suggestion that there is an "absence of jurisdiction over all necessary or desirable parties" in the Texas Lawsuit is inaccurate. Further, the Texas Court is best situated to evaluate jurisdictional disputes in the matters before it. *Amerifreight*, 2015 WL 13037420, at *2 (C.D. Cal. Nov. 10, 2015); *see also Thomas & Betts Corp. v. Robroy Industries, Inc.*, CV-15-04150-BRO-(GJSx), 2015 WL 4718892, at *5 (C.D. Cal. Aug. 6, 2015).

Moreover, TCT Mobile is not central to CCE's claims in the Texas Lawsuit. The complaint in the Texas Lawsuit speaks for itself and TCL's unilateral characterizations should be given little to no weight. But to be clear, CCE alleges that the TCL entities named in the Texas Lawsuit directly infringe the '923 patent. *See* D.I. 17-3 ¶¶47-50. Self-serving declarations from TCL that have faced no scrutiny do not overcome CCE's well-pled allegations of infringement.

TCL's reliance on *Ours Tech., Inc. v. Data Drive Thru, Inc.* is misplaced. 645 F. Supp. 2d 830, 833 (N.D. Cal. 2009). *Ours Tech.* did not involve a first-to-file analysis and did not identify any exceptions to the first-to-file rule. Instead, the second-filed court analyzed whether it had subject matter jurisdiction pursuant to the Declaratory Judgment Act. *Id*. at 834-40. The second-filed court dismissed, finding it lacked subject matter jurisdiction. *Id*. at 840. The court further noted, in passing, that the dispute was nevertheless more appropriate to be heard in the first-filed court because the second-filed case did not involve an alleged direct infringer. *Id*. This is not the case here: although Plaintiff's Response may mislead a reader to the contrary, CCE alleges in the Texas Lawsuits that the foreign TCL entities directly infringe the asserted patent. *See* D.I. 17-3 ¶¶47-50.

*Nexon America Inc. v. Uniloc 2017 LLC* is inapposite. No. CV 19-1096-CFC, 2020 WL 3035647 (D. Del. June 5, 2020). The court in *Nexon* determined that the U.S. entity "alone developed and manufactures the accused [devices]." *Id.* at *4.

Here, there is no dispute that the TCL entities in the Texas Lawsuit develop and manufacture the accused products. And unlike in the foreign-*Nexon* entities, the foreign-TCL entities are liable for direct infringement, as alleged in CCE's complaint in the Texas Lawsuit. D.I. 17-3 ¶¶47-50.

TCL similarly fails to appreciate the holding of *Kyocera Commc'ns, Inc. v. Potter Voice Techs., LLC*. No. 13-CV-0766-H BGS, 2013 WL 2456032 (S.D. Cal. June 5, 2013). In *Kyocera*, the Court concluded that the parties to the second-filed action were not sufficiently similar to the first-filed action. *Id.* at *4. Because the parties were not sufficiently similar, the court concluded that the first-to-file rule did not apply. *Id.* Indeed, the *Kyocera* court did not identify or analyze any exceptions to the first-to-file rule—because it never applied the rule. Here, TCL does not dispute that there is substantial overlap between the Texas action and this action. Thus, the *Kyocera* holding is inapplicable to the current facts.

Further, *Woodway USA, Inc. v. Samsara Fitness, LLC* supports CCE's position that the Eastern District of Texas should decide the convenience factors. *Woodway USA, Inc. v. Samsara Fitness, LLC*, 15-CV-956-PP, 2016 WL 3282218 (E.D. Wis. June 14, 2016). In *Woodway*, the first-filed court found that it did not have personal jurisdiction over a named defendant and thus dismissed the action in favor of a second-filed declaratory judgment action by that defendant. *Id.* at *6. Regardless of its outcome, *Woodway* stands for the proposition that issues of convenience and jurisdiction are meant for the first-filed court to decide.

The Texas Lawsuit contains all "necessary and desirable parties" and asserts that those parties directly and indirectly infringe the '923 patent. D.I. 17-3 ¶¶47-50. But to the extent there is debate about this, it should be resolved by the first-filed court. TCL should not be allowed to deprive CCE of its choice of forum based on a self-serving proclamation about TCT Mobile.

### F. TCL's "Exceptions" Do Not Warrant Deviating from the First-to-File Rule.

TCL does not argue any traditional exceptions to the first to file rule. And its conduct ensures that they would not apply. Nevertheless, TCL argues that because TCT Mobile has the "strongest interest in the outcome of this litigation," the Court should make an exception to the first-to-file rule. This argument rings hollow.

As an initial matter, CCE has the strongest interest in the outcome of the litigation, as it is the aggrieved party. Moreover, TCT Mobile cannot credibly claim that it is the only entity that "can potentially be held liable." Response at 2. First, if CCE prevails in the Texas Lawsuit, the TCL entities in the Texas Lawsuit will be liable for patent infringement. 35 U.S.C. § 284. Second, TCT Mobile is not a defendant in the Texas Lawsuit. As such, CCE cannot obtain a judgment against it. If anything, this demonstrates that TCT Mobile has a minimal financial interest in the outcome of this litigation. TCT Mobile's claim that it has "the strongest interest in the outcome of this litigation" does not withstand scrutiny.

The principles of the customer suit exception are inapplicable to the present case. The customer suit exception can allow litigation brought by a manufacturer to take precedence over an earlier filed action. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). The principle behind the exception is that a manufacturer has a contractual or practical need to protect its customers. *Id.* This reasoning is inapplicable to the present case. First, the manufacturer of the Accused Devices is a party to the Texas Lawsuit. Second, TCT Mobile is a wholly-owned subsidiary of the parties to the Texas Lawsuit. If anything, TCT Mobile is the customer, not the manufacturer.

### IV.   CONCLUSION

For the foregoing reasons, CCE requests that the Court grant its motion.

15

1    Dated July 20, 2020            Respectfully submitted

2
                                   By: */s/ Stephanie R. Wood*
3                                  Stephanie R. Wood (SBN: 242572)
                                       *swood@bcpc-law.com*
4                                  Jeffrey R. Bragalone (admitted *pro hac vice*)
5                                      *jbragalone@bcpc-law.com*
                                   Jonathan H. Rastegar (*pro hac vice*
6                                  application pending)
7                                      *jrastegar@bcpc-law.com*
                                   **BRAGALONE CONROY PC**
8                                  2200 Ross Ave., Suite 4500W
9                                  Dallas, Texas 75201
                                   Tel: (214) 785-6670
10                                 Fax: (214) 785-6680

11
                                   Ben M. Davidson (SBN: 181464)
12                                     *ben@dlgla.com*
                                   **DAVIDSON LAW GROUP, ALC**
13                                 4500 Park Granada Blvd., Suite 202
                                   Calabasas, California 91302
14                                 Tel: (818) 918-4622

15

16                                 Attorneys for Defendant
                                   Cellular Communications Equipment LLC
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO          8:20-cv-00702-JVS-ADS
DISMISS OR, IN THE ALTERNATIVE, TO STAY