Stephanie R. Wood (SBN: 242572)
 *swood@bcpc-law.com*
Jeffrey R. Bragalone (admitted *pro hac vice*)
 *jbragalone@bcpc-law.com*
Jonathan H. Rastegar (*pro hac vice* pending)
 *jrastegar@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Attorneys for Defendant
Cellular Communications Equipment LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.<br><br>Plaintiffs,<br><br>vs.<br><br>CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Defendant. | Case No. 8:20-cv-00702-JVS-ADS<br><br>**DECLARATION OF JEFFREY R. BRAGALONE**<br><br>Date: August 3, 2020<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

I, Jeffrey R. Bragalone, hereby declare as follows:

1.      I am an attorney at the law firm of Bragalone Conroy PC in Dallas, Texas. I am counsel of record for CCE in the present matter. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2.      CCE has asserted U.S. Patent No. 7,218,923 (the "'923 patent") in eighteen prior district court lawsuits, each in the district court for the Eastern District of Texas. Three of those lawsuits are currently pending in the Eastern District of Texas:

- *Cellular Communications Equipment LLC v. HMD Global Oy*, 2:20-cv-00078-JRG (the "*HMD* matter");
- *Cellular Communications Equipment LLC v. One Plus Tech. Co. Ltd.*, 2:20-cv-00079-JRG (the "*OnePlus* matter"); and
- *Cellular Communications Equipment LLC v. TCL Corp.*, 2:20-cv-00080-JRG (the "Texas Lawsuit").

3.      In the eighteen prior district court lawsuits involving the '923 patent, no Google witness has been deposed, Google has never been subpoenaed, and no Google employee has appeared on a trial witness list.

4.      On July 20, 2020, the court held a status conference in the *HMD* matter. The Court in the *HMD* matter set the *Markman* hearing for February 17, 2021 and the trial for August 2, 2021. Further, CCE served infringement contentions in the *HMD* matter on July 6, 2020. HMD's invalidity contentions in that matter are due August 31, 2020.

5.      Exhibit A to CCE's Reply in Support of its Motion to Dismiss or, in the Alternative, Stay ("CCE's Reply") is a true and correct copy of ECF. No. 14 in the *HMD* matter.

DECLARATION OF JEFFREY R. BRAGALONE                    8:20-cv-00702-JVS-ADS

6.      Exhibit B to CCE's Reply is a true and correct copy of ECF No. 21 in the *OnePlus* matter.

7.      Exhibit C to CCE's Reply is a true and correct copy of ECF No. 22 in the *OnePlus* matter.

8.      Exhibit D to CCE's Reply is a true and correct copy of the Eastern District of Texas's Local Patent Rules.

9.      Exhibit E to CCE's Reply is a true and correct copy of the first page of ECF No. 1-1 (attachment to CCE's Complaint) in the Texas Lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2020

Jeffrey R. Bragalone

DECLARATION OF JEFFREY R. BRAGALONE                    8:20-cv-00702-JVS-ADS

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS | § | |
| EQUIPMENT LLC | § | |
| | § | Case No. 2:20-CV-0078-JRG |
| v. | § | |
| | § | |
| HMD GLOBAL OY | § | |

## ORDER

This case is set for a scheduling conference in Marshall, Texas on July 20, 2020 at 9:00 a.m. before the Honorable Rodney Gilstrap.  The purpose of the scheduling conference will be to assign a claim construction hearing date and a trial setting.  The parties shall be prepared to inform the Court whether they will consent to trial before the Magistrate Judge.

The parties shall prepare and submit a proposed docket control order, a proposed discovery order and a proposed protective order, within the time periods contained in the schedule set forth hereinafter.[1]  These orders shall be guided by the sample docket control, discovery, and protective orders for patent cases, which can be found on the Court's website.  The sample orders include provisions that require input from the parties.  If the parties are unable to reach agreement on these provisions, then the parties shall submit to the Court their competing proposals along with a summary of their disagreements in a single joint submission.

The sample orders include provisions that are mandatory and are not subject to change without showing good cause.  Good cause shall not be considered to be met simply by an indication of the parties' agreement.  Should either party believe good cause can be shown to alter an

---

[1] Timely submission of the parties' proposed docket control order, proposed discovery order and proposed protective order will be viewed by the Court as complying with the conference requirement of Rule 26(f).

otherwise mandatory provision, then such party shall file a separate motion to alter the provision after the parties have filed the proposed docket control and discovery orders with the mandatory provisions intact as previously required above.

Furthermore, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| 6 Weeks After Scheduling Conference | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions[2] |
| 6 Weeks After Scheduling Conference | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| 3 Weeks After Scheduling Conference | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| 2 Weeks After Scheduling Conference | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| 1 Week After Scheduling Conference | Join Additional Parties |
| 2 Weeks Before Scheduling Conference | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

---

[2] http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX%20Standing%20Order%20Re%20Subject%20Matter%20Eligibility%20Contentions%20.pdf

EXHIBIT A - PAGE 5

So ORDERED and SIGNED this 17th day of June, 2020.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

EXHIBIT A - PAGE 6

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| **Plaintiff,** | § § | **C.A. No. 2:20-cv-00079** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **ONE PLUS TECHNOLOGY CO. LTD., ET AL** | § § § | |
| **Defendants.** | | |

**JOINT AGREED MOTION TO EXTEND TIME TO ANSWER OR
OTHERWISE PLEAD IN RESPONSE TO PLAINTIFF'S AMENDED
COMPLAINT AND WAIVER OF FOREIGN SERVICE REQUIREMENT**

Plaintiff Cellular Communications Equipment LLC ("CCE") and Defendants One Plus Technology Co. Ltd., Oneplus Technology (Shenzhen) Co. Ltd. and Oneplus Mobile Communications (Guangdong) Co., Ltd ("Defendants") respectfully move the Court to enter an order extending Defendants' time to answer, move, or otherwise plead in response to CCE's Amended Complaint through and including September 30, 2020.

CCE filed suit on March 17, 2020 against One Plus Technology Co. Ltd. CCE filed an Amended Complaint on May 15, 2020 adding Oneplus Technology (Shenzhen) Co. Ltd. and Oneplus Mobile Communications (Guangdong) Co., Ltd as Defendants. Summons were issued for all Defendants.  Plaintiff contends that Defendants were served as of May 15, 2020, but Defendants dispute service of process.. The parties filed Unopposed Applications for Extension of Time to Answer were filed on June 4, 2020 (D.I. 15-17) which extended the time to answer until June 12, 2020, so the parties could meet and confer regarding issues of service. CCE and Defendants have

JOINT MOTION TO EXTEND TIME TO ANSWER                    1

reached an agreement that Defendants, which are foreign corporations located outside the United States, waive the service of process requirements under Federal Rule of Civil Procedure 4(h) and 4(f)(1) and will not challenge service in exchange for the current extension.

Accordingly, the parties jointly move for an extension of time for all three Defendants to answer, move or otherwise plead in response to the Amended Complaint through and including September 30, 2020. This extension is not sought for the purposes of delay but so that justice may be served.

Dated: June 11, 2020                                      Respectfully submitted,

| /s/ *Jonathan H. Rastegar* | /s/ *Jeffrey L. Johnson* |
|---|---|
| Jeffrey R. Bragalone (lead attorney) | Jeffrey L. Johnson |
| Texas Bar No. 02855775 | State Bar No. 24029638 |
| Jonathan H. Rastegar | **ORRICK, HERRINGTON &SUTCLIFFE LLP** |
| Texas Bar No. 24064043 | 609 Main St., 40th Floor |
|  | Houston, TX 77002 |
| **BRAGALONE CONROY PC** | Telephone: (713)658-6450 |
| 2200 Ross Avenue | Facsimile: (713)658-6401 |
| Suite 4500W | jj@orrick.com |
| Dallas, TX 75201 |  |
| Tel: (214) 785-6670 | ATTORNEY FOR DEFENDANTS |
| Fax: (214) 785-6680 | ONEPLUS TECHNOLOGY CO. LTD., |
| jbragalone@bcpc-law.com | ET AL |
| jrastegar@bcpc-law.com |  |
|  |  |
| ATTORNEYS FOR PLAINTIFF |  |
| CELLULAR COMMUNICATIONS |  |
| EQUIPMENT LLC |  |

EXHIBIT B - PAGE 9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 11th day of June, 2020.

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar

# EXHIBIT C

EXHIBIT C - PAGE 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00079-JRG |
| | § | |
| ONE PLUS TECHNOLOGY CO. LTD, ONEPLUS TECHNOLOGY (SHENZHEN) CO. LTD., ONEPLUS MOBILE COMMUNICATIONS (GUANGDONG) CO., LTD., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Plaintiff Cellular Communications Equipment LLC ("CCE") and Defendants One Plus Technology Co. Ltd., Oneplus Technology (Shenzhen) Co. Ltd. and Oneplus Mobile Communications (Guangdong) Co., Ltd.'s (collectively, "Defendants") Joint Agreed Motion to Extend Time to Answer or Otherwise Plead in Response to Plaintiff's Amended Complaint and Waiver of Foreign Service Requirement (the "Motion"). (Dkt. No. 21.) In the same, Defendants agree to waive the foreign service requirement for an extension of time for all three Defendants to answer, move, or otherwise respond to CCE's Amended Complaint (Dkt. No. 7). Accordingly, the Court finds that Defendants have waived service of process. Having considered the Motion in view of the aforementioned waiver, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.

It is therefore **ORDERED** that the deadline for Defendants to move, answer, or otherwise respond CCE's Amended Complaint (Dkt. No. 7) is hereby extended up to and including **September 30, 2020**.

EXHIBIT C - PAGE 12

So **ORDERED and SIGNED** this **12th** day of June, 2020.


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

EXHIBIT C - PAGE 13

# EXHIBIT D

Current as of December 1, 2019 (General Order 19-14)

**SECTION V: PATENT RULES**
## 1.   SCOPE OF RULES

**1-1. Title.**

These are the Rules of Practice for Patent Cases before the Eastern District of Texas. They should be cited as **"P. R. __."**

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the Claim Construction Hearing provided for in P. R. 4-6 raises claim construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the Claim Construction Hearing. The Civil Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Patent Rules. The deadlines set forth in these rules may be modified by Docket Control Order issued in specific cases.

**1-3. Effective Date.**

These Patent Rules shall take effect on February 22, 2005 and shall apply to any case filed thereafter and to any pending case in which more than 9 days remain before the Initial Disclosure of Asserted Claims is made. The parties to any other pending civil action shall meet and confer promptly after February 22, 2005, for the purpose of determining whether any provision in these Patent Rules should be made applicable to that case. No later than 7 days after the parties meet and

confer, the parties shall file a stipulation setting forth a proposed order that relates to the application of these Patent Rules. Unless and until an order is entered applying these Patent Local Rules to any pending case, the Rules previously applicable to pending patent cases shall govern.

## 2. GENERAL PROVISIONS

**2-1. Governing Procedure.**

**(a) Initial Case Management Conference.** Prior to the Initial Case Management Conference with the Court, when the parties confer with each other pursuant to Fed.R.Civ.P. 26(f), in addition to the matters covered by Fed.R.Civ.P. 26, the parties must discuss and address in the Case Management Statement filed pursuant to Fed.R.Civ.P. 26(f), the following topics:

**(1)** Proposed modification of the deadlines provided for in the Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

**(2)** Whether the Court will hear live testimony at the Claim Construction Hearing;

**(3)** The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

**(4)** The order of presentation at the Claim Construction Hearing; and

**(5)** The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in P. R. 4-3 has been filed.

**(6)** Whether the court should authorize the filing under seal of any documents containing confidential information.

**(b) Further Case Management Conferences.** To the extent that some or all of the matters provided for in P. R. 2-1 (a)(1)-(5) are not resolved or decided at the Initial Case Management Conference, the parties shall propose dates for further Case Management Conferences at which such matters shall be decided.

(c)   **Electronic Filings.**   All patents attached as exhibits to any filing submitted electronically shall be in searchable PDF format.   Any other documents attached as exhibits to any filing submitted electronically should be in searchable PDF format whenever possible.

**2-2. Confidentiality.**

If any document or information produced under these Patent Local Rules is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

**2-3. Certification of Initial Disclosures.**

All statements, disclosures, or charts filed or served in accordance with these Patent Rules must be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

**2-4. Admissibility of Disclosures.**

Statements, disclosures, or charts governed by these Patent Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements or disclosures provided for in P. R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Rules must be taken.

**2-5. Relationship to Federal Rules of Civil Procedure.**

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed.R.Civ.P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Rules. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed.R.Civ.P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Rules:

**(a)** Requests seeking to elicit a party's claim construction position;

**(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)** Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed.R.Civ.P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

**2-6**.   **Assignment of Related Cases.**   Separately filed cases related to the same patent shall be assigned to the same judge, i.e., the judge assigned to the first related case.

## 3. PATENT INITIAL DISCLOSURES

**3-1. Disclosure of Asserted Claims and Infringement Contentions.**

Not later than 10 days before the Initial Case Management Conference with the Court, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and   Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**3-2. Document Production Accompanying Disclosure.**

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and

55

copying:

**(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and

**(c)** A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

## 3-3. Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its **"Invalidity Contentions"** which must contain the following information:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the

information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**3-4. Document Production Accompanying Invalidity Contentions.**

With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and

**(b)** A copy of each item of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

**3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.**

**(a) Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, P. R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Invalidity Contentions that conform to P. R. 3-3 and produce or make available for inspection and copying the documents described in P. R. 3-4. The parties shall meet and confer within 10 days of the service of the Invalidity Contentions for the purpose of determining the date on which the plaintiff will file its Final Invalidity Contentions which shall be no later than 50 days after service by the Court of its Claim Construction Ruling.

**(b) Applications of Rules When No Specified Triggering Event.** If the filings or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

**(c) Inapplicability of Rule.** This P. R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

**3-6. Amending Contentions.**

**(a) Leave not required.**   Each party's **"Infringement Contentions"** and **"Invalidity Contentions"** shall be deemed to be that party's final contentions, except as set forth below.

> **(1)** If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve **"Amended Infringement Contentions"** without leave of court that amend its **"Infringement Contentions"** with respect to the information required by Patent R. 3-1(c) and (d).

> **(2)** Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve **"Amended Invalidity Contentions"** without leave of court that amend its **"Invalidity Contentions"** with respect to the information required by P. R. 3-3 if:

>> **(A)** a party claiming patent infringement has served **"Infringement Contentions"** pursuant to P. R. 3-6(a), or

>> **(B)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

**(b) Leave required.**   Amendment or supplementation any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

**3-7.  Opinion of Counsel Defenses.**

By the date set forth in the Docket Control Order, each party opposing a claim of patent

59

infringement that will rely on an opinion of counsel as part of a defense shall:

**(a)** Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

**(b)** Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with the requirements of this P. R. 3-7 shall not be permitted to rely on an opinion of counsel as part of a defense absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

**3-8.    Disclosure Requirements for Patent Cases Arising Under 21 U.S.C. § 355 (Hatch-Waxman Act).**

The following provision applies to all patents subject to a Paragraph IV certification in cases arising under 21 U.S.C. § 355 (commonly referred to as "the Hatch-Waxman Act").  This provision takes precedence over any conflicting provisions in P.R. 3-1 to 3-5 for all cases arising under 21 U.S.C. § 355.

(a) Upon the filing of a responsive pleading to the complaint, the Defendant(s) shall produce to Plaintiff(s) the entire Abbreviated New Drug Application or New Drug Application that is the basis   of the case in question.

(b) Not more than 7 days after the Initial Case Management Conference, Plaintiff(s) must identify the asserted claims.

(c) Not more than 14 days after the Initial Case Management Conference, the Defendant(s) shall provide to Plaintiff(s) the written basis for their "Invalidity Contentions" for any patents referred to in Defendant(s) Paragraph IV Certification.  This written basis shall contain all disclosures required by P.R. 3-3 and shall be accompanied by the production of documents required by P.R. 3-4.

(d) Not more than 14 days after the Initial Case Management Conference, the Defendant(s) shall provide to Plaintiff(s) the written basis for any defense of non-infringement for any patent referred to in Defendant(s) Paragraph IV Certification.  This written basis shall include a claim chart identifying each claim at issue in the case and each limitation of each claim at issue.  The claim chart shall specifically identify for each claim those claim limitation(s) that are literally absent from the Defendant(s) allegedly infringing Abbreviated New Drug Application or New Drug Application.  The written basis for any defense of non-infringement shall also be accompanied by the production of any document or thing that the Defendant(s) intend to rely upon in defense of any infringement allegations by Plaintiff(s).

(e) Not more than 45 days after the disclosure of the written basis for any defense of non-infringement as required by P.R. 3-8(c), Plaintiff(s) shall provide Defendant(s) with a "Disclosure of Asserted Claims and Infringement Contentions," for all patents referred to in Defendant(s) Paragraph IV Certification, which shall contain all disclosures required by P.R. 3-1 and shall be accompanied by the production of documents required by P.R. 3-2.

(f) Each party that has an ANDA application pending with the Food and Drug Administration ("FDA") that is the basis of the pending case shall: (1) notify the FDA of any and all motions for injunctive relief no later than three business days after the date on which such a motion is filed; and (2) provide a copy of all correspondence between itself and the FDA pertaining to the ANDA application to each party asserting infringement, or set forth the basis of any claim of privilege for such correspondence, no later than seven days after the date it sends or receives any such correspondence.

(g) Unless informed of special circumstances, the Court intends to set all Hatch-Waxman cases for final pretrial hearing at or near 24 months from the date of the filing of the complaint.

## 4. CLAIM CONSTRUCTION PROCEEDINGS

**4-1. Exchange of Proposed Terms and Claim Elements for Construction.**

**(a)** Not later than 10 days after service of the **"Invalidity Contentions"** pursuant to P. R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed or found indefinite by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(f).

**(b)** The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

**4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.**

**(a)** Not later than 20 days after the exchange of **"Proposed Terms and Claim Elements for Construction"** pursuant to P. R. 4-1, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such **"Preliminary Claim Construction"** shall also, for each element which any party contends is governed by 35 U.S.C. § 112(f), identify the structure(s), act(s), or material(s) corresponding to that element.

**(b)** At the same time the parties exchange their respective **"Preliminary Claim Constructions,"** they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of

percipient and expert witnesses they contend support their respective claim constructions or indefiniteness positions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide the identity and a brief description of the substance of that witness' proposed testimony.

**(c)** The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

### 4-3. Joint Claim Construction and Prehearing Statement.

**(a)** Not later than 60 days after service of the "Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information**:**

> **(1)** The construction of those claim terms, phrases, or clauses on which the parties agree;

> **(2)** Each party's proposed claim construction or indefiniteness position for each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that position, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

> **(3)** The anticipated length of time necessary for the Claim Construction Hearing;

> **(4)** Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing and the identity of each such witness; and

**(5)** A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**(b)** Each party shall also simultaneously serve a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position.

**4-4. Completion of Claim Construction Discovery.**

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

**4-5. Claim Construction Briefs.**

**(a)** Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.   All asserted patents shall be attached as exhibits to the opening claim construction brief in searchable PDF form.

**(b)** Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

**(c)** Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**(d)** At least 10 days before the Claim Construction Hearing held pursuant to P.R. 4-6, the parties shall jointly file a claim construction chart.

> **(1)** Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term.   The chart shall also include a fourth column entitled **"Court's Construction"** and otherwise left blank.   Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s).

> **(2)** The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns shall state **"[AGREED]"** and the agreed construction shall be inserted in the **"Court's Construction"** column.

> **(3)** The purpose of this claim construction chart is to assist the Court and the parties in tracking and resolving disputed terms.   Accordingly, aside from the requirements set forth in this rule, the parties are afforded substantial latitude in the chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms and proposed constructions.   Appendices to the Court's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

**(e)** Unless otherwise ordered by the Court, the page limitations governing dispositive motions pursuant to Local Rule CV-7(a) shall apply to claim construction briefing.

**4-6. Claim Construction Hearing.**

Subject to the convenience of the Court's calendar, two weeks following submission of the reply

brief specified in P.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

# EXHIBIT E

U.S. Patent No. 7,218,923 / TCL Devices

TCL makes, uses, tests, offers for sale, sells, and/or imports user equipment operating version 4.2 and higher of the Android Operating system (the "TCL Devices"). Each of the TCL Devices includes the features identified in this chart. The features and functionality identified in this chart cause the TCL Devices to practice the asserted claims of U.S. Patent No. 7,218,923 (the "'923 patent"). The TCL Devices include any user equipment that TCL makes, uses, tests, offers for sale, sells, and/or imports that includes the Android Operating System v4.2 and higher. Such devices include, but are not limited to, the:

- TCL Plex
- TCL 10 Pro
- TCL 10 L
- TCL 5G

The above list is not intended to be exhaustive. The term TCL Device includes any device that TCL offered or offers which included Android Operating System v4.2 and higher. The TCL Devices directly infringe the asserted claims of the '923 patent.

This claim chart is meant to be illustrative for purposes of meeting Plaintiff's pleading obligations and should not be construed as binding or limiting.

References to source code in this Exhibit are exemplary and based off of the publicly available version of Android 4.3. CCE reserves the right to change such source code designations based upon its review of the source code for the TCL Devices.