ROBERT J. BENSON (SBN 155971)
rbenson@orrick.com@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA  92614-8255
Telephone:  +1 949 567 6700
Facsimile:   +1 949 567 6710

JEFFREY JOHNSON (to be admitted *pro hac vice*)
jj@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6450
Facsimile: 713.658.6401

Attorneys for Plaintiffs
TCT MOBILE (US) INC. and HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCT MOBILE (US) INC., et al.,<br><br>        Plaintiffs,<br>  v.<br>CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br>        Defendant. | Case No. 8:20-cv-00702-JVS-ADSx<br><br>**JOINT STATUS REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Date:      July 27, 2020<br>Time:     10:30 a.m.<br>Crtrm.:    10C<br><br>Complaint Filed: April 9, 2020<br>Trial Date:     None Set |

## I. SYNOPSIS

This action was filed as a Declaratory Judgment action by TCT Mobile (US) Inc. ("TCT US") and Huizhou TCL Mobile Communication Co. Limited ("Huizhou TCL") (collectively, "TCL") seeking a declaration that they do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 7,218,923 ("the '923 Patent"). The '923 Patent is directed to controlling the behavior of computer programs (*i.e.*, "applications") running on computing devices (*i.e.*, "terminals") in a computer network.

The computing devices at issue in this case are TCL mobile phones using version 4.2 and higher of the Android Operating system (the "TCL Products"). Plaintiffs contend the TCL Products are manufactured by Huizhou TCL and imported into the United States and sold in the United States by TCT US.

Defendant Cellular Communications Equipment LLC ("CCE") filed earlier lawsuits based on infringement of the '923 Patent, including one filed in the U.S. District Court for the Eastern District of Texas alleging infringement of the '923 Patent in a case captioned *Cellular Communications Equipment LLC v. TCL Corporation and TCL Electronics Holdings Limited*, Case No. 2:20-cv-00080 (the "Texas Lawsuit"). CCE added Huizhou TCL as a named defendant in the Texas Lawsuit in its First Amended Complaint in that proceeding. TCT US is not named as a defendant in the Texas Lawsuit.

On July 6, 2020, CCE filed a Renewed Motion To Dismiss The Complaint Or, In The Alternative, To Stay. (Dkt. 23). TCL filed a response on July 13, 2020. (Dkt. 28). CCE filed a reply on July 20, 2020. (Dkt. 29). The motion to dismiss is fully briefed. To date, no other motions are pending and no Answer, counterclaims, or affirmative defenses have been filed or asserted in this case.

## II. LEGAL ISSUES

The principal legal issues in this case to date, includes, but is not limited to, the following:

A. Whether TCT US or Huizhou TCL has infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '923 Patent.

B. Whether the case is exceptional and TCT US and Huizhou TCL are entitled to attorney's fees under 35 U.S.C. § 285.

These issues will expand if CCE files an answer and counterclaims.

## III. DAMAGES

No damages claims have been asserted in this case, at this time. Damages will be asserted if CCE files an answer and counterclaims alleging infringement of the '923 Patent.

## IV. INSURANCE

The Parties do not have insurance as to any of the currently-asserted claims.

## V. MOTIONS

CCE has moved to dismiss the case or, in the alternative, to stay the case. (Dkt. No. 23)

TCL anticipates filing an opposed motion to dismiss in the Eastern District of Texas or, alternatively, to stay the action or to transfer the Texas Lawsuit to California for consolidation with this case. In the event that the Eastern District of Texas transfers the Texas Lawsuit, additional parties may be added to this case.

TCL anticipates filing affirmative defenses and additional counterclaims in response to any counterclaims CCE may file with its Answer.

No other motions to add parties, amend pleadings, or transfer venue are currently anticipated.

## VI. DISCOVERY AND EXPERTS

No discovery has been conducted.

TCL's position: TCL does not believe any changes in the Rule 26(f) disclosures should be made. TCL proposes phased discovery only to the extent that fact discovery be concluded about 2-3 months before expert discovery is concluded. Based on the schedule proposed by TCL, the Parties would exchange Initial

Disclosures no later than September 7, 2021. Reply expert reports would not be allowed absent further agreement of the Parties.

<u>CCE's position:</u>  Discovery should not begin until after the Court rules on CCE's Renewed Motion to Dismiss (Dkt. No. 23). The date that discovery commences should not impact the analysis by either this Court or the Eastern District of Texas with respect to the filed and anticipated motions to dismiss.

<u>Agreed Discovery Limits:</u> Irrespective of the schedule, if merits discovery in this case is conducted, the parties agree that discovery will be governed by the limits imposed by the Federal Rules of Civil Procedure, except as set forth below.

- The parties agree to a limit of 40 requests for admission per side, with an additional 100 requests for admission per side to establish the authenticity or admissibility of documents.
- The parties agree to 30 interrogatories per side.
- Each side may take up to 70 hours of fact depositions, excluding experts and third parties. TCL further proposes a limit of 42 hours of Rule 30(b)(6) testimony within the 70 hours of fact depositions. The parties recognize that this case may involve multiple depositions requiring the services of a translator. The parties agree to discuss in good faith increasing the above limits should either side believe additional time is needed based on delays associated with translation.
- Plaintiffs may take up to 7 hours of deposition for each expert proffered by Defendant, for each expert report served by that expert.
- Defendant may take up to 7 hours of deposition for each expert proffered by Plaintiffs, for each expert report served by that expert.
- Absent agreement to the contrary, no deposition shall commence before 9:00 a.m. local time. The parties agree to use their best efforts to complete depositions in one day.

- The discovery limitations can be adjusted by agreement of the parties or leave of the Court upon a showing of good cause.

## VII. DISPOSITIVE MOTIONS

TCL anticipates moving for summary judgment of non-infringement after certain progress of the case and discovery.

## VIII. SETTLEMENT AND SETTLEMENT MECHANISM

The Parties have had direct settlement discussions (which continue), but no settlement has been reached or tentatively agreed-to. The Parties recommend private mediation under ADR PROCEDURE NO. 3 pursuant to the Local Rules of this Court.

## IX. TRIAL ESTIMATE

There is to be a jury trial as to all issued properly submitted to the jury.

Based on the case as currently pled, the Parties agree to four (4) trial days, excluding jury selection, opening statement and closing argument, with each side given ten (10) hours of testimony time, but of course reserve the option to request additional time, or advise the Court that less time will be required, as the circumstances dictate after discovery and motion practice has concluded.

Based on the case as currently pled, TCL expects to call at least one corporate representative and at least one expert as witnesses. As detailed in its Motion to Dismiss (Dkt. No. 23), CCE does not believe this second-filed case should proceed. Nevertheless, if the case does proceed and CCE asserts counterclaims, CCE would expect to call at least one corporate representative and at least two experts as witnesses.

## X. TIMETABLE

**TCL position**: TCL proposes the following schedule of dates, including the dates identified on Presumptive Schedule of Pretrial Dates form. If the Court denies CCE's pending motion to dismiss or stay, the parties would proceed according to the schedule and deadlines set forth below. If the Court were to grant

CCE's motion, it is TCL's position that—at most—a stay should be entered until the court for the Eastern District of Texas rules on TCL's forthcoming motion to dismiss, stay, or transfer in that jurisdiction.

**CCE position**: CCE proposes that the Court stay this case until at least the court for the Eastern District of Texas rules on TCL's forthcoming motion to dismiss, stay, or transfer. Nevertheless, if the Court enters a schedule, CCE proposes the deadlines set forth in the table below.

**TCL's Proposal for Amendment of Contentions:** TCL proposes that any amendment of the Infringement Contentions or the Invalidity Contentions be governed by Local Rule 3-6 of the Patent Local Rules of the U.S. District Court for the Northern District of California, as set forth in Section 1(m) of the Court's Order Setting Rule 26(f) Scheduling Conference.

**CCE's Proposal for Amendment of Contentions:** CCE proposes that any amendment of the Infringement Contentions or the Invalidity Contentions be governed by the Patent Local Rules of the U.S. District Court for the Eastern District of Texas. If the Court denies CCE's pending motion to dismiss, CCE requests that the Court afford it the Patent Local Rules from its chosen forum, which provide:

> The contentions should be considered final contentions and amendment should be governed as follows:
>
> > (a) Leave not required. Each party's "Infringement Contentions" and "Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.
> >
> > > (1) If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions"

without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d). (2) Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" with respect to the information required by P. R. 3-3 if:

    (A) a party claiming patent infringement has served "Infringement Contentions" pursuant to P. R. 3-6(a), or

    (B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

(b) Leave required. Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made by agreement of the parties or order of the Court, which shall be entered only upon a showing of good cause. The parties agree that within 60 days of receiving printed source code, infringement contentions may be amended to include references to said source code.

| Event | Proposed Dates | |
|---|---|---|
| | **TCL** | **CCE** |
| Scheduling Conference | July 27, 2020 (set by the Court) | August 10, 2020 (set by the Court) |
| Exchange of Rule 26(a) Disclosures | September 7, 2020 | September 7, 2020 |
| Plaintiff to serve Infringement Contentions | August 17, 2020 | August 17, 2020 |
| Early Mediation Deadline | September 28, 2020 | August 24, 2020 |

| | | |
|---|---|---|
| Defendant to serve Invalidity Contentions | October 1, 2020 | October 1, 2020 |
| Exchange of Claim Terms | November 9, 2020 | November 9, 2020 |
| Exchange of Preliminary Constructions and Evidence | November 23, 2020 | November 23, 2020 |
| Joint Markman Prehearing Statement | January 4, 2021 | January 4, 2021 |
| Complete Claim Construction Discovery | February 2, 2021 | February 2, 2021 |
| Simultaneous Opening Markman Briefs | February 15, 2021 | February 15, 2021 |
| Simultaneous Responding Markman Briefs, Tutorials, and Presentation Materials | March 8, 2021 | March 8, 2021 |
| Markman Hearing | April 5, 2021 | April 5, 2021 |
| Fact Discovery Cut-Off | August 9, 2021 | August 9, 2021 |
| Expert Report on issues where party has burden of proof (e.g., infringement, invalidity, damages) | August 23, 2021 | August 23, 2021 |
| Rebuttal Expert Reports | September 20, 2021 | September 20, 2021 |
| Expert Discovery Cut-Off | November 1, 2021 | November 1, 2021 |
| Last Date to File Dispositive Motions and Daubert Motions | December 13, 2021 | December 13, 2021 |
| Last Date to File Dispositive Motion and Daubert Motion Responses | January 10, 2022 | January 10, 2022 |
| Last Date to File Dispositive Motion and Daubert Motion Replies | January 24, 2022 | January 24, 2022 |
| Last Date to Hear Motions (not file) | February 21, 2022 | February 21, 2022 |
| Last Day for hand-serving Motions in Limine | March 21, 2022 | March 21, 2022 |
| Lodge Pretrial Conference Oder; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | April 11, 2022 | April 11, 2022 |

| | | |
|---|---|---|
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed Statement of Case | April 18, 2022 | April 18, 2022 |
| File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | April 25, 2022 | April 25, 2022 |
| Trial | May 3, 2022 | May 3, 2022 |

## XI.  OTHER ISSUES

TCL anticipates a need for translators due to non-English speaking witnesses. Further, COVID-19 related travel restrictions may impact depositions and/or certain discovery issues. The parties agree to work cooperatively to overcome these issues, including conducting remote video depositions, if necessary.

## XII.  CONFLICTS

TCL:  TCT Mobile (US) Inc. is a wholly owned subsidiary of TCT Mobile (US) Holdings, Inc.  Huizhou TCL Mobile Communication Co. Ltd. is owned by TCL Communication (BVI) Limited, TCL Mobile Communication Holdings Limited, and Alpha Alliance Enterprises Limited.

CCE: CCE is a Texas Limited Liability Company. Acacia Research Group LLC is a member of CCE. Acacia Research Group LLC is a wholly-owned subsidiary of Acacia Research Corporation, a publicly-owned company.

## XIII.  *MARKMAN* HEARING

The Parties agree to the proposed *Markman* hearing date of April 5, 2021. The Parties agree to any methodology desired by the Court for the claim construction hearing, and would propose a traditional term-by-term presentation where each side presents on a specific term before moving to the next term.

### XIV. MAGISTRATE

The Parties do not consent to have a Magistrate Judge preside over the case.

**IT IS SO ORDERED.**

DATED: _____

THE HONORABLE JAMES V. SELNA

Dated: July 21, 2020                    ORRICK, HERRINGTON
                                                                    & SUTCLIFFE LLP

By:   */s/Robert J. Benson*
ROBERT J. BENSON (SBN 155971)
rbenson@orrick.com@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA  92614-8255
Telephone:  +1 949 567 6700
Facsimile:   +1 949 567 6710

Attorneys for Plaintiffs
TCT MOBILE (US) INC. and HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.

Dated: July 21, 2020                    BRAGALONE CONROY PC

By:   */s/ Stephanie R. Wood*
Stephanie R. Wood (SBN: 242572)
   *swood@bcpc-law.com*
Jeffrey R. Bragalone (*pro hac vice* application pending)

*jbragalone@bcpc-law.com*
Jonathan H. Rastegar (*pro hac vice* application pending)
  *jrastegar@bcpc-law.com*
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN: 181464)
  *ben@dlgla.com*
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (808) 918-4622

Attorneys for Defendant
Cellular Communications Equipment LLC

## ATTESTATION

As required by Local Rule 5-4.3.4(a)(2)(i), I attest that all signatories above concur in this filing's content and have authorized the filing.

Dated: July 21, 2020           By:  */s/Robert J. Benson*

# Exhibit A

# JUDGE JAMES V. SELNA

# PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiffs' Request (Insert specific date) | Defendants' Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: days | 8:30 a.m. (Tuesdays) | | 5/3/22 | 5/3/22 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | 1 | 4/25/22 | 4/25/22 | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement | 11:00 a.m. (Mondays) | 2 | 4/18/22 | 4/18/22 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | 3 | 4/11/22 | 4/11/22 | |
| Last day for hand−serving Motions in Limine | | 6 | 3/21/22 | 3/21/22 | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | 7 | 2/21/22 | 2/21/22 | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | 11 | 12/13/21 | 12/13/21 | |
| Non−expert Discovery cut−off | | 15 | 8/9/21 | 8/9/21 | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE L.R. 16−14 Settlement Choice: (1) CT/USMJ; (2) Court Mediation Panel; and (3) Private ADR

| Matter | Time | Weeks before trial | Plaintiffs' Request (Insert specific date) | Defendants' Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut−off | | | 11/1/21 | 11/1/21 | |
| Rebuttal Expert Witness Disclosure | | | 9/20/21 | 9/20/21 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 8/23/21 | 8/23/21 | |

| | | | | | |
|---|---|---|---|---|---|
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |