UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TCT MOBILE (US) INC. , et al.<br><br>        Plaintiff(s),<br><br>  v.<br><br>CELLULAR COMMUNICATIONS EQUIPMENT LLC<br><br><br><br>        Defendant(s). | CASE NO:<br>8:20−cv−00702−JVS−ADS<br><br>I.  ORDER FOR COURT TRIAL SETTING DATES FOR:<br><br>    Pre−Trial Conference:<br>    April 18, 2022<br>    at  11:00 AM<br><br>    COURT TRIAL:<br>    May 3, 2022<br>    at  08:30 AM<br><br>II.  Order for Preparation for COURT TRIAL, Proposed Findings of Fact and Conclusions of Law, and Scheduling<br><br>III.  Order Governing Attorney and Party Conduct at Trial. |

**SCHEDULING**:

    1.    <u>In General</u>: All motions to join other parties or to amend the pleadings shall be filed and served within sixty (60) days of the date of this order

and noticed for hearing within ninety (90) days hereof. All unserved parties shall be dismissed no later than the date set for the Final Pre–Trial Conference.

2. **Motions for Summary Judgment or Partial Summary Judgment**: Motions for summary judgment or partial summary judgment shall be heard no later than the last day for hearing motions, as set forth in the accompanying minute order. Please note the extended notice requirements under F. R. Civ. P. 56(c) which are longer than provided in the Local Rules.

3. **Discovery Cut–Off**: The Court has established a cut–off date for discovery in this action. All discovery is to be completed on, or prior to, the cut–off date. Accordingly, the following discovery schedule shall apply to this case:

   A. **Depositions**: All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut–off date. All original depositions to be used in trial shall be lodged with the Courtroom Deputy on the day of trial.

   B. **Interrogatories**: All interrogatories must be served at least forty–five (45) days prior to the discovery cut–off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut–off date except in extraordinary circumstances.

   C. **Production of Documents, etc.**: All requests for production, etc., shall be served at least forty–five (45) days prior to the discovery cut–off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut–off date except in extraordinary circumstances.

///

      D.    <u>Request for Admissions</u>: All requests for admissions shall be served at least forty–five (45) days prior to the discovery cut–off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut–off date except in extraordinary circumstances.

      E.    <u>Discovery Motions</u>: Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut–off date. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. Repeated resort to the Court for guidance in discovery is unnecessary and will result in the Court appointing a Special Master at the joint counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

      F.    <u>Disclosure of Expert Testimony</u>: The above discovery cut–off date includes expert discovery, unless the Court otherwise orders, and the Court orders the sequence of disclosures provided by Fed. R. Civ. Proc. 26(a)(2)(C), unless the parties otherwise stipulate in writing and obtain the Court's approval.

**FINAL PRE–TRIAL CONFERENCE:**

    This case has been placed on calendar for a Final Pre–Trial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Fed. R. Civ. P. and Local Rules are required by the Court.

///

///

## II.

**ORDER FOR PREPARATION FOR COURT TRIAL, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND SCHEDULING EXHIBIT CONFERENCE FRIDAY BEFORE TRIAL: MOTIONS AND EXHIBITS**

The Court ORDERS that all counsel comply with the following in their preparation for trial:

1. <u>MOTIONS IN LIMINE</u>:

Because the matter will be tried to the Court, the Court believes that there should be a much reduced need for motions *in limine*.

All motions *in limine* must be filed and served a minimum of four (4) weeks prior to the scheduled pretrial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least three (3) weeks prior to the scheduled pretrial date. All reply documents must be filed and served at least two (2) weeks prior to the scheduled pretrial date. All motions *in limine* will be heard on the scheduled pretrial date, unless the Court otherwise

The Court limits the number of *in limine* motions which a party or group of affiliated parties may file to four, not including (1) any *in limine* motion which seeks an exclusionary sanction under Rule 37(c)(1) of the Federal Rules of Civil Procedure and (2) any *in limine* motion which invokes the Court's power under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 597 (1993), to exclude or limit expert testimony.

Motions made on the latter two grounds shall prominently state the basis for the motion in the title of the motion on the caption page. Any party desiring to tender any other *in limine* motions shall file an *ex parte* application no later than seven days prior to the due date for such motions, attaching the proposed motion and making a showing why it is imperative that the issue be dealt with by a motion *in limine*.

The Court deems the following motions to have been made and granted:

• Exclusion of evidence of settlement talks, offers of compromise and similar evidence excludable under Federal Rule of Evidence 408 without an offer of proof first made outside the presence of the jury.

• Exclusion of expert opinions not disclosed under Rule 26(a)(2) of the Federal Rule of Civil Procedure or otherwise subjected to examination at the expert's deposition.

All motions *in limine* will be heard on the scheduled pretrial date, unless the Court otherwise orders.

2. <u>FINDINGS OF FACT AND CONCLUSION OF LAW</u>:

Findings of facts and Conclusions of Law shall be prepared, lodged, and served in accordance with the Local Rules, unless otherwise ordered by the Court.

///
///

3. <u>TRIAL EXHIBITS</u>:

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders that are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three−ring binder labeled on the spine portion of the binder showing both the volume number and the exhibit numbers <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26, and the Local Rules.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

A. The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right−hand corner with the case number, case name, and exhibit number placed on each tag.

B. <u>One bench book with</u> a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

C. Three (3) copies of exhibit lists.

D. Three (3) copies of witness lists.

All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial.

The exhibits to be so received will be noted on the extra copies of the exhibit lists.

### III.

### ORDER GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL

**Opening Statements, Examining Witnesses, and Summation**

    A.    Opening statements, examination of witnesses, and summation will be from the lectern only.

    B.    Counsel must not consume time by writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

    C.    In criminal cases, defense counsel should avoid asking their client self−serving questions such as whether the client is married, has children, has a war record or has ever been arrested. Such questions are almost always irrelevant. Where such information would be relevant, in counsel's opinion, counsel must obtain advance permission from the Court prior to making such inquiries.

    D.    Never strike the lectern for emphasis.

    E.    The Court will honor reasonable time estimates for opening and closing arguments.

**Direct Examination by Declaration**

The Court will receive all direct examination by way of declaration as outlined below.

      A.    Twenty days prior to trial, each party asserting a claim (e.g., plaintiff, cross–claimant) shall file and personally deliver to all other parties a declaration for each witness who will testify in the party's case in chief setting forth the witness' direct testimony. The declaration should be in the usual narrative fashion, but at a party's election, may be set out in question–and–answer format. Each declaration shall attach and authenticate each document intended to be offered through the witness.

      B.    Thirteen days prior to trial, each party defending a claim (e.g., defendant, cross–defendant) shall personally deliver to all other parties a declaration for each witness who will testify in the party's case in chief setting forth the witness' direct testimony. The declaration should be in the usual narrative fashion, but at a party's election, may be set out in question–and–answer format. Each declaration shall attach and authenticate each document intended to be offered through the witness.

      C.    In the case of a witness not under a party's control, the offering party shall use its best efforts to secure the declaration required by paragraph A or B. However, inability to secure the required declaration will not preclude a party from calling such a witness.

      D.    Any evidentiary objections to a declaration shall be filed and served no later than five days before trial. Evidentiary objections should be made with the same thoughtfulness and care as if they were being made in open court. The Court is unlikely to give consideration to blanket or rote objections.

      E.    At trial, a party calling a witness who has submitted a declaration shall have the witness authenticate his or her declaration and make any additions

or corrections. The witness shall then be tendered for cross–examination. In the normal course, the Court will then allow re–direct and re–cross.

### **Objections to Questions:**

A.     Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

B.     When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

### **General Decorum:**

A.     Please keep the trial low–key. It is not a contest of dramatic ability or an oratorical contest. It is to be a dignified search for the truth.

B.     Counsel must not approach the Clerk or the witness box without specific permission. When permission is given, please return to the lectern when tthe purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.

C.     Please rise when addressing the Court.

D.     Counsel must address all remarks to the Court. Counsel are not to address the Clerk, the Reporter, persons in the audience, or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re–reading of questions or answers shall be

addressed to the Court.

  E. Counsel must not address or refer to witnesses or parties by first names alone. Young witnesses (under 14) may, however, be addressed and referred to by their first name.

  F. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

  G. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

  H. Counsel should not by facial expression, nodding or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel should admonish counsel's own client(s) and witnesses to avoid such conduct.

  I. Where a party has more than one lawyer, only one may conduct the direct or cross−examination of a given witness.

**Promptness of Counsel and Witnesses:**

  A. The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. It is counsel's duty of the first day of trial to advise the Court on the first day of any commitments that may result in counsel's absence or late arrival.

B.  If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

(1)  If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes.

(2)  It is counsel's duty to notify the courtroom deputy clerk in advance if any witness should be accommodated by use of the witness stand's automated platform which lowers and raises to accommodate witnesses who are unable to otherwise take the witness stand.

C.  No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that the party has rested.

D.  The Court attempts to cooperate with physicians, scientists, and all other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is objection, confer with the Court in advance.

**Exhibits:**

A.  Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

///

B. Each counsel is responsible for any exhibits that counsel secures from the Clerk and, during all recesses and at noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Clerk.

C. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

D. Whenever in counsel's opinion a particular exhibit is admissible, it should be moved into evidence, unless tactical or other consideration dictate otherwise.

E. Counsel are to advise the Clerk of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

F. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

G. Exhibit Binders.

1. Where the volume of exhibits is less than ten binders, Counsel are to prepare exhibits for trial by placing them in three ring binders that are indexed by exhibit number with tabs or dividers on the right side and indicating on the spine of the binder the exhibit numbers contained and the volume number. The exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26 and the Local

Rules. Counsel shall have the original set (with the exhibit tags affixed to the upper or lower right hand corner) and a bench copy on the exhibits, three (3) copies of the exhibit list and three (3) copies of the witness list to the Courtroom Deputy Clerk on the first day of trial.

2. Where the volume of exhibits is greater than ten binders Counsel are to prepare one (1) full set of the exhibits in three ring binders that are indexed by exhibit number with tabs or dividers on the right side and indicating on the spine of the binder the exhibit numbers contained and the volume number. Each exhibit shall have an exhibit tag placed in the upper or lower right hand corner of the first page of the exhibit. (These are the exhibits that will go to the jury during deliberations). With regard to exhibits for the Judge and witnesses, there should be a book for each witness that contains only the exhibits needed for that specific witness with dividers on the right side. This book should be presented to the witness when the witness is called. A copy of this book should be provided to the Judge at the time the witness is called. The Court requires counsel to submit the full set of exhibits, three (3) copies of the exhibit list and three (3) copies of the witness list to the Courtroom Deputy Clerk on the first day of trial.

**Depositions:**

A. All depositions that are to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the clerk to confirm that the clerk has the transcript and that the transcript is properly signed.

B. In using depositions of an adverse party for impeachment, either

one of the following procedures may be adopted:

  (1) If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.
advance if any witness should be accommodated by use of the witness stand's automated platform which lowers and raises to accommodate witnesses who are unable to otherwise take the witness stand.

  (2) If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask the further questions. Counsel should have an extra copy of the deposition for this purpose.

  C. Where a witness is absent and the witness' testimony is offered by deposition, please inquire whether the Court prefers to (1) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or, (2) read the deposition in chambers without the questions and answers being repeated for the record. In such instances, the deposition may be offered in evidence as an exhibit.

  D. Evidentiary objections should be made with the same thoughtfulness and care as if the objections were being made in open court during the examination of the witness. The Court is unlikely to give consideration to

blanket or rote objections.

**Using Numerous Answers to Interrogatories and Requests for Admissions:**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel. This procedure is intended to save time.

**Advance Notice of Evidentiary or Difficult Questions:**

If any counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine* (see Fed. R. Evid. 103).

### IV.

The Clerk is ordered to serve a copy of this Order on counsel/parties in this action.

**IT IS SO ORDERED.**

DATED: July 22, 2020

_____
James V. Selna
United States District Judge

Copies to: All Counsel of Record

revised January 6, 2010