Robert Benson (STATE BAR NO. 155971)
rbenson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA  92614-8255
Telephone:  +1 949 567 6700
Facsimile:  +1 949 567 6710

Attorney for Plaintiffs TCT MOBILE (US) INC. and HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Defendant. | Case No. 8:20-cv-00702-JVS-ADS <br><br> **CORRECTED DECLARATION OF JEFFREY JOHNSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT CELLULAR COMMUNICATIONS EQUIPMENT LLC'S RENEWED MOTION TO DISMISS** <br><br> Date: August 3, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 10C <br> Judge: Hon. James V. Selna |

I, Jeffrey Johnson, make this corrected declaration to correct an inadvertent error in paragraph 16 of my original declaration, and hereby declare as follows:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP in Houston, Texas. I am admitted to practice in the State of Texas and the Eastern District of Texas. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2. Cellular Communications Equipment LLC ("CCE") filed a lawsuit against TCL Corporation and TCL Electronics Holdings Limited in the U.S. District Court for the Eastern District of Texas on March 17, 2020. Both TCL Corporation and TCL Electronics Holdings Limited are foreign companies as acknowledged and alleged in CCE's Complaint against them. The Court issued a summons as to both companies on March 18, 2020.

3. CCE engaged a process server to serve Amy McLaren, care of Business Filings Incorporated in Delaware, purportedly an agent for TCL Corporation and TCL Electronics Holding Limited. However, neither Amy McLaren or Business Filings Incorporated were or have ever been shown by CCE to be the registered agents for either TCL Corporation or TCL Electronics Holding Limited. Despite any supporting evidence, CCE returned executed Summons for both companies on March 20, 2020, notifying the court that both companies had been properly served. Based on this misleading notification, the Court set a April 9, 2020 Answer date for both TCL Corporation and TCL Electronics Holding Limited.

4. On April 6, 2020, I requested via email a phone conference with CCE's counsel, Jeffrey Bragalone, to address the improper service and negotiate a five-month extension to Answer in exchange for CCE not having to spend the time and money of serving the two defendants, both of which are located in China, pursuant to the Hague Convention. A true and correct copy of the email sent to Mr.

Bragalone is attached as Exhibit 1. Later that day, Mr. Bragalone and his colleague, Jonathan Rastegar, participated in a call with me.

5. During that call, I explained that TCL Corporation and TCL Electronics Holding Limited had not been properly served as discussed above. I requested that Mr. Bragalone produce whatever supporting evidence that he had to show the basis for why he served Amy McLaren and Business Filings Incorporated and why he believed it was proper service. At no time, on that call or to date, has Mr. Bragalone ever offered any evidence that service had been proper or shown any supporting evidence of why CCE believed Amy McLaren or Business Filings Incorporated were agents of TCL Corporation and TCL Electronics Holding Limited.

6. In order to relieve CCE of the extensive delays and rigors of serving defendants in China pursuant to the Hague Convention, I offered that TCL Corporation and TCL Electronics Holding Limited, the only two named Defendants in the Original Complaint, would be willing to waive service in exchange for a five-month extension to Answer or otherwise plead.

7. TCL Corporation and TCL Electronics' position is that service under the Hague Convention is a lengthy process and a five-month extension is a reasonable compromise. My practice over the last several years has been primarily with Asia-based clients, including China and Taiwan. I addition, I am involved in several cases in which multiple Chinese based companies are named Defendants. It is my experience that service pursuant to the Hague Convention for defendants based in China can take from 8 to 12 months, and with the current COVID issues, service has been taking even longer. For example, I currently represent Yaham in a case brought by Ultravision in EDTX. Exhibit 2 (a true and correct copy of which is attached) is a Motion for Alternative Service filed by Ultravision within a few weeks of the time when CCE should have been initiating service under the Hague Convention for TCL Corporation and TCL Electronics. Ultravision explains that it

had been waiting "over fourteen months" for service to be completed on a Chinese based defendant under the Hague. Offering a five-month extension to avoid that delay and expense was entirely reasonable.

8. The call was informal and friendly. We discussed our time working as attorneys together at the firm of McKool Smith and generally how the world was doing in the wake of the COVID crisis. Given the informal casual nature of the call, I expressed that the extension could possibly allow me, if travel restrictions eased, the additional opportunity to go and meet with my client in person to develop technical defenses, which are better done in person. At no time did I state that communication was impossible with our clients. Indeed, I had authority on the call to make the offer and conveyed to Mr. Bragalone that I would be continuing to talk with my client, even agreeing to communicate with them issues raised by Mr. Bragalone (as described below). Nor did I state that it was impossible to Answer or otherwise plead without an in-person meeting in China with our clients.

9. Given the short timeframe for responding to the Original Complaint (because of the improperly induced Answer date), before ending the call Mr. Bragalone offered a 30-day extension while he discussed with his client our offer to waive service under the Hague Convention in exchange for the five-month extension. We then discussed sending follow-up emails memorializing and formalizing our client's waiver offer and CCE's offer of an interim 30-day extension. As discussed, I sent a follow-up email setting out the basis for the extension, which was the exchange of time for not having to go through rigors of serving through the Hague. A true and correct copy of the email sent to Mr. Bragalone is attached as Exhibit 1. Mr. Bragalone sent a response memorializing the interim extension. A true and correct copy of the email sent from Mr. Bragalone is attached as Exhibit 1.

10. Having not heard from Mr. Bragalone regarding the issue of the longer five-month extension, I emailed him on April 9, 2020, the improper Answer date,

1  and asked if Mr. Bragalone had been able to speak to his client regarding our offer
2  to waive service in lieu of service through the Hague. I also followed up with my
3  request for supporting evidence showing their basis for serving TCL Corporation
4  and TCL Electronics Holding Limited through Amy McLaren care of Business
5  Filings Incorporated. A true and correct copy of the email sent to Mr. Bragalone is
6  attached as Exhibit 1.

7       11.   Mr. Bragalone responded only that he would like to talk on the phone.
8  A true and correct copy of the email from Mr. Bragalone is attached as Exhibit 1.
9  We spoke later that day and he explained CCE would likely to file an Amended
10 Complaint either later that day or soon thereafter. He asked if we would waive
11 service of the new Amended Complaint. I responded that I would need to speak to
12 the client regarding waiving service for an Amended Complaint.

13       12.   The forms for the 30-day interim extension of time were filed by CCE
14 on April 9, 2020.

15       13.   On April 10, 2020, CCE filed its Amended Complaint naming
16 additional Defendants, TCL Communication Technology Holding Limited,
17 Huizhou TCL Mobile Communications Co. Ltd., and TCT Mobile International
18 Ltd. Not until April 23, 2020 did Mr. Bragalone send the forms for waiver of
19 service related to the Amended Complaint. A true and correct copy of the email
20 from Mr. Bragalone is attached as Exhibit 1. I returned the executed waivers on
21 April 26, 2020. A true and correct copy of the email sent to Mr. Bragalone is
22 attached as Exhibit 1.

23       14.   CCE's Original Complaint filed in the U.S. District Court for the
24 Eastern District of Texas for alleged infringement of U.S. Patent No. 7,218,923
25 ("the '923 Patent") is captioned *Cellular Communications Equipment LLC v. TCL*
26 *Corporation and TCL Electronics Holdings Limited*, Case No. 2:20-cv-00080. In
27 CCE's Original Complaint, filed on March 17, 2020, CCE accuses TCL Corp. and
28 TCL Electronics Holdings Ltd. of infringing the '923 Patent. CCE then amended

its complaint on April 10, 2020 to include as defendants Huizhou TCL, TCL Communication Technology Holdings Limited, and TCT Mobile International Ltd. The presiding judge over the patent litigation initiated by CCE in the Eastern District of Texas is Judge Rodney Gilstrap.

15. Prior to 2020, CCE filed 15 lawsuits in the U.S. District Court for the Eastern District of Texas. I have reviewed the dockets for all 15 of these lawsuits. Magistrate Judge K. Nicole Mitchell was the presiding judge over the following 12 lawsuits:

- *Cellular Communications Equipment LLC v. ZTE Corp., et al.*, Case No. 6:13-cv-00511-KNM;
- *Cellular Communications Equipment LLC v. Pantech Co., Ltd., et al.*, Case No. 6:13-cv-00509-KNM;
- *Cellular Communications Equipment LLC v. LG Electronics, Inc. et al.*, Case No. 6:13-cv-00508-KNM;
- *Cellular Communications Equipment LLC v. HTC Corporation et al.*, Case No. 6:13-cv-00507-KNM;
- *Cellular Communications Equipment LLC v. Samsung Electronics Co., Ltd. et al.*; Case No. 6:14-cv-00759-KNM;
- *Cellular Communications Equipment LLC v. Pantech Co. Ltd.*; Case No. 6:15-cv-00853-KNM;
- *Cellular Communications Equipment LLC v. LG Electronics, Inc. et al.*; Case No. 6:16-cv-00365-KNM;
- *Cellular Communications Equipment LLC v. Samsung Electronics Co., Ltd. et al.*; Case No. 6:16-cv-00364-KNM;
- *Cellular Communications Equipment LLC v. HTC Corporation et al.*; Case No. 6:16-cv-00363-KNM;
- *Cellular Communications Equipment LLC v. ZTE Corporation et al.*; Case No. 6:16-cv-00375-KNM;

- *Cellular Communications Equipment LLC v. AT&T Mobility, LLC et al.*; Case No. 6:17-cv-00592-KNM; and
- *Cellular Communications Equipment LLC v. AT&T Mobility, LLC et al.*; Case No. 6:17-cv-00590-KNM.

Magistrate Judge Mitchell made all rulings, determinations, and claim constructions in these cases. Additionally, Judge Leonard Davis presided over the remaining 3 lawsuits filed by CCE prior to 2020:

- *Cellular Communications Equipment LLC v. Motorola Mobility LLC et al.*, Case No. 6:13-cv-00572-LED;
- *Cellular Communications Equipment LLC v. NEC Casio Mobile Communications Ltd. et al.*; Case No. 6:13-cv-00584-LED; and
- *Cellular Communications Equipment LLC v. Microsoft Corporation*; Case No. 6:13-cv-00738-LED.

Judge Davis made all rulings and determinations in these 3 cases.

16. In 2020, CCE filed 3 lawsuits in the U.S. District Court for the Eastern District of Texas, including the lawsuit filed by CCE against the foreign TCL entities. Besides the Complaint against the foreign TCL defendants, CCE filed the following 2 cases on March 17, 2020:

- *Cellular Communications Equipment LLC v. One Plus Technology Co. Ltd.*; Case No. 2:20-cv-00079-JRG; and
- *Cellular Communications Equipment LLC v. HMD Global OY*, Case No. 2:20-cv-00078.

I have reviewed the dockets for the above 2 cases, and Judge Rodney Gilstrap is the presiding judge in each of them. Based on my review of the docket for *Cellular Communications Equipment LLC v. One Plus Technology Co. Ltd.*, I have formed a belief that a schedule has not been set for the case, no discovery has occurred, and no substantive orders have been issued. The defendants in the OnePlus litigation waived service in exchange for an extension of time to respond to CCE's Amended

Complaint until September 30, 2020.  In my original declaration, I inadvertently failed to reference the waiver of service.  I am also counsel for OnePlus in another case pending before Judge Gilstrap in the Eastern District of Texas, in which OnePlus has not yet been served, and I inadvertently confused the status of service in the two matters.  Furthermore, based on my review of the docket for *Cellular Communications Equipment LLC v. HMD Global OY*, as of the date of my original declaration, I determined that there is an outstanding Motion to Dismiss, but Judge Gilstrap has not ruled on the motion, no schedule has been set for the case, no discovery has occurred, and no substantive orders have been issued.  Since I submitted my original declaration, it appears that a Scheduling Conference has since been held on July 20, 2020, but a schedule does not yet appear on the docket.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 22, 2020         By: */s/ Jeffrey Johnson*
                                  Jeffrey Johnson