**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00702JVS(ADSx) | Date | 7/31/2020 |
| Title | TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order Regarding Motion to Dismiss or Stay

      Defendant Cellular Communications Equipment LLC ("CCE") filed a renewed motion to dismiss or stay pursuant to the first-to-file rule in favor of an earlier-filed action pending in the Eastern District of Texas, <u>Cellular Commc'ns Equip. LLC v. TCL Corp.</u>, C.A. No. 2:20-cv-00080 (E.D. Tex.) (the "Texas Action").[1] Mot., Dkt. No. 23.[2] Plaintiffs TCT Mobile (US) Inc. ("TCT US") and Huizhou TCL Mobile Communication Co. Ltd. ("Huizhou TCL") (together, "Plaintiffs") opposed. Opp'n, Dkt. No. 28. CCE replied. Reply, Dkt. No. 29.

      For the following reasons, the Court **GRANTS** the motion and **STAYS** further proceedings in this action pending the Texas Action.

---

      [1] Although CCE also purports to bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(3), the legal basis is only the first-to-file rule, discussed <u>infra</u>. <u>See</u>, <u>e.g.</u>, <u>Medtronic Corevalve LLC v. Edwards Lifesciences Corp.</u>, No. SACV 11-0961 JVS (MLGx), 2012 WL 12888673, at *3 (C.D. Cal. Jan. 9, 2012) ("A motion to dismiss, stay, or transfer proceedings under the first-to-file rule is not a Rule 12(b) motion."); <u>Fujitsu Ltd. v. Nanya Tech. Corp.</u>, No. C 06–6613 CW, 2007 U.S. Dist. LEXIS 13132, at *15 (N.D. Cal. Feb. 9, 2007) ("[A]lthough the motion to dismiss, transfer[,] or stay states that it is brought under Rule 12(b)(2) and (5), it is actually brought under the first-to-file rule.").

      [2] In its motion, CCE includes one paragraph asserting that this case should additionally be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. at 1. Because the Court **GRANTS** the motion to stay, the Court **DENIES as moot** the motion to dismiss for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00702JVS(ADSx)                                Date   7/31/2020

Title   TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC

## I. BACKGROUND

### A. The Present Action

On April 9, 2020, Plaintiffs initiated this action by filing their Complaint against CCE. Compl., Dkt. No. 1. The Complaint seeks declaratory judgment that Plaintiffs do not infringe U.S. Patent No. 7,218,923 ("the '923 Patent") owned by CCE. Id. ¶¶ 9, 11. Plaintiffs filed a First Amended Complaint ("FAC") on June 22, 2020 seeking the same declaratory judgment. FAC, Dkt. No. 20. Plaintiffs claim that declaratory relief is necessary because CCE filed the Texas Action alleging infringement of the '923 Patent by mobile phones (the "Accused Products") manufactured by Huizhou TCL and imported into and sold in the United States by TCT US. Id. ¶¶ 10, 13-14. Plaintiffs allege that the Accused Products do not directly or indirectly infringe the '923 Patent. Id. ¶ 20.

### B. The Texas Action

On March 17, 2020, CCE filed the Texas Action in the Eastern District of Texas against TCL Corporation ("TCL Corp.") and TCL Electronics Holdings Limited ("TCL Electronics"). FAC, Ex. B. CCE alleges that TCL Corp. and TCL Electronics directly and indirectly infringe the '923 Patent. Id. at Ex B ¶¶ 31-33, 35-39. On April 10, 2020, CCE filed a First Amended Complaint alleging the same claim of patent infringement and adding Huizhou TCL, TCL Communication Technology Holdings Limited ("TCL Communication"), and TCT Mobile International Ltd. ("TCT International") as defendants. Id. at Ex. D.

Before the Court is Plaintiffs' motion to dismiss, or in the alternative, stay the present action in favor of the previously filed Texas Action. See generally, Mot.

## II. LEGAL STANDARD

"[W]hen cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997); see also Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979). This first-to-file rule is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00702JVS(ADSx) | Date | 7/31/2020 |
| Title | TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC | | |

"generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).

    Courts consider three factors in determining whether to apply the rule: (1) chronology of the actions, (2) similarity of the parties, and (3) similarity of the issues. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991). In determining the chronology, the court should consider the date on which the original, rather than the amended, complaint was filed. Id. Notably, the second and third factors do not require that the parties and issues be identical; rather, they merely require that they be similar. See, e.g., Meints v. Regis Corp., No. 09CV2061 WQH (CAB), 2010 WL 625338, at *2 (S.D. Cal. Feb. 16, 2010) ("[T]he cases and parties need not be completely identical . . . ."); Medlock v. HMS Host USA, Inc., No. CV F 10-2167 LJO GSA, 2010 WL 5232990, at *5 (E.D. Cal. Dec. 16, 2010) (noting that the first-to-file rule requires only similarity of issues, not identical issues).

    "The 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology, 611 F.2d at 750. Nevertheless, the first-to-file rule should not be applied rigidly or mechanically, and district courts may refuse to apply it in cases of bad faith, anticipatory filing of an action, and forum shopping. Alltrade, 946 F.2d at 627-28 (9th Cir. 1991). Additionally, the court may find justification for an exception in "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993). "Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by Federal Circuit law." Authentify Patent Co., LLC v. StrikeForce Techs., Inc., 39 F. Supp. 3d 1135, 1149 (W.D. Wash. 2014)

### III. DISCUSSION

    **A.    First-to-File Rule**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00702JVS(ADSx) | Date | 7/31/2020 |
| Title | TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC | | |

CCE argues that this case should be dismissed or stayed pursuant to the first-to-file rule. See generally, Mot. In determining whether to apply the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015). Here, Plaintiffs do not dispute that these factors weigh in favor of applying the first-to-file rule. See generally, Opp'n. Indeed, CCE filed its original complaint in the Texas Action on March 17, 2020 before Plaintiffs filed their initial Complaint for the present matter on April 9, 2020. See Compl.; FAC, Ex. B. Moreover, CCE and Huizhou TCL are parties to both actions. See FAC ¶¶ 1, 3, Ex. D ¶¶ 1, 4. Finally, both the Texas Action and the instant matter involve the same issue regarding alleged infringement of the '923 Patent. See id. ¶¶ 19-23, Ex. D ¶¶ 47-49, 51-55. Accordingly, the Court finds that the threshold factors weigh in favor of applying the first-to-file rule.

## B.     Exceptions to the Rule

Plaintiffs assert that exceptions to the first-to-file rule and the balance of convenience factors weigh against this Court applying the first-to-file rule. Id. at 7-22. None of the exceptions are compelling, and the Court declines to disregard the first-to-file rule.

### 1.     Absence of Jurisdiction Over All Necessary or Desirable Parties

First, Plaintiffs argue that the "absence of jurisdiction over all necessary or desirable parties" exception applies and weighs against application of the first-to-file rule. Id. at 8-13. Specifically, Plaintiffs assert that TCT US is a necessary or desirable party to the Texas Action, but venue for TCT US is improper in the Eastern District of Texas. Id. at 6-11. Thus, Plaintiffs claim that this action should not be dismissed or stayed because this district is the only forum where the entire litigation can be resolved in a single suit. Id. at 13-15. CCE counters that TCT US is not a necessary or desirable party to the Texas Action, and that the Texas court should answer the question of its own jurisdiction. Reply, 13-14. The Court agrees that it is prudent to defer to the Texas court, as the first-filed court, for the determination of the extent of its jurisdiction and application of any claimed exception to the first-to-file rule.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00702JVS(ADSx) | Date | 7/31/2020 |
| Title | TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC | | |

  "In the interests of comity, consistency of judgments, and for purposes of maintaining a bright-line rule that is easily applied, several courts have held that the first-filed court should decide whether an exception to the first-to-file rule applies[.]" Amerifreight, Inc. v. Belacon Pallet Servs., LLC, No. 2:15-cv-5607 RSWL (JPRx), 2015 WL 13037420, at *5 (C.D. Cal. Nov. 10, 2015); see also EMC Corp. v. Bright Response, LLC, No. C-12-2841 EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012) ("[R]esolution of whether any exceptions should trump the rule is best determined by the [first-filed] Court."); Diversified Metal Prods., Inc. v. Odom Indus., Inc., No. 1:12–CV–00162–BLW, 2012 WL 2872772, at *5 (D. Idaho July 12, 2012) ("[A] majority of courts . . . have held that it is the first-filed court which should decide whether an exception to the first-to-file rule applies.") (collecting cases).

  This principle of deferring to the first-filed court is particularly relevant where, as here, the purported exception relates to considerations of venue and jurisdiction in the first-filed court. See, e.g., Thomas & Betts Corp. v. Robroy Indus., Inc., No. CV 15-04150 BRO (GJSx), 2015 WL 4718892, at *5 (C.D. Cal. Aug. 6, 2015) (holding that "venue-related considerations . . . should be addressed to the court in the first-filed action") (internal quotation marks omitted); Drew Techs., Inc. v. Robert Bosch, L.L.C., No. 11-15068, 2012 WL 314049, at *6 (E.D. Mich. Jan. 31, 2012) ("[T]he determination of the appropriate venue for this dispute should not be made in this court. Rather, that decision should be left to . . . the first-filed court."); Intuitive Surgical, Inc. v. Cal. Inst. of Tech., No. C07-0063-CW, 2007 WL 1150787, at *3 (N.D. Cal. Apr. 18, 2007) (deferring to first-filed court to "decide the appropriate forum and whether an exception to the first-to-file rule is applicable"); RJF Holdings III, Inc. v. Refractec, Inc., No. CIV.A. 03-1600, 2003 WL 22794987, at *4 (E.D. Pa. Nov. 24, 2003) (staying second-filed action where question of whether first-filed court lacked jurisdiction over a necessary party "should be presented to and decided by that court"). The Court finds that this deferential approach comports with the principles of "federal comity" and "sound judicial administration" that underlie the first-to-file doctrine. See Pacesetter, 678 F.2d at 94-95.

  Plaintiffs attempt to support their position with reliance on one case, Nexon Am. Inc. v. Uniloc 2017 LLC, No. 19-1096-CFC, 2020 WL 3035647 (D. Del. June 5, 2020), in which the second-filed court declined to apply the first-to-file rule after determining that the first-filed court lacked jurisdiction over a necessary or desirable party. Opp'n, 11. However, Plaintiffs additionally cite three cases where the first-filed court

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00702JVS(ADSx) | Date | 7/31/2020 |
| Title | TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC | | |

determined it lacked jurisdiction over a necessary party and thus yielded to the second-filed court. Id. at 12-14 (citing Woodway USA, Inc. v. Samsara Fitness, LLC, No. 15-cv-956-pp, 2016 WL 3282218 (E.D. Wis. June 14, 2016) (granting motion to dismiss); A123 Syss., Inc. v. Hydro-Quebec, 657 F. Supp. 2d. 276 (D. Mass. 2009) (denying motion to reopen case); Package Concepts & Materials, Inc. v. Jif-Pak, No. C.A.6:05–1184–HMH, 2005 WL 3055073 (D.S.C. Nov. 14, 2005) (granting motion to transfer)). Accordingly, the Court finds that the weight of this authority suggests that it is more appropriate for the first-filed court to determine the extent of its own jurisdiction and whether it must yield to the second-filed court.

Thus, the Court declines to forego application of the first-to-file rule.

### 2. Considerations Relating to the Real Party in Interest

Moreover, Plaintiffs argue that the first-to-file rule should not be applied because TCT US is the "real party in interest" as the party that will be most impacted by the resolution of this dispute. Opp'n, 16-17. Again, CCE counters that any such determination should be made by the first-filed court. Reply, 1. For the reasons discussed above, the Court agrees and declines to disregard the first-to-file rule.

### 3. Balance of Convenience Factors

Finally, Plaintiffs contend that the convenience factors under 28 U.S.C. § 1404(a) weigh in favor of denying to dismiss or stay the present matter. Opp'n, 17-24.

However, "[t]he Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action." Delta Dawgs Constr. Corp. v. Servpro Indus., Inc., No. LA CV18-02907 JAK (JCx), 2018 WL 8731932, at *6 (C.D. Cal. Aug. 20, 2018). "[T]he administration of justice would be chaotic indeed if . . . the court in a second-filed action considers the convenience factors in connection with a motion to dismiss pursuant to the first-to-file rule." Genentech, Inc. v. GlaxoSmithKline LLC, No. 5:10-CV-04255-JF, 2010 WL 4923954, at *4 (N.D. Cal. Dec. 1, 2010) (quoting Nat'l Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 46-47 (2d Cir.1961)). Thus, this "rule allowing the court in the first-filed action to make the convenience determination comports with the policy of judicial economy that

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00702JVS(ADSx) | Date | 7/31/2020 |
|---|---|---|---|

| Title | TCT Mobile (US) Inc., et al v. Cellular Communications Equipment LLC |
|---|---|

the first-to-file rule is intended to serve." Meru Networks, Inc. v. Extricom Ltd., No. C-10-02021 RMW, 2010 WL 3464315, at *2 (N.D. Cal. Aug. 31, 2010).

Accordingly, the Court finds that the first-to-file rule applies, and that any determination that an exception or other considerations should trump the rule is best determined by the Texas court. Plaintiffs intend to move to dismiss the Texas Action pursuant to Federal Rule of Civil Procedure 19, or alternatively, to stay or transfer the Texas Action to this forum. Opp'n, 25. Thus, Plaintiffs may properly bring their arguments relating to purported exceptions to the first-to-file rule before the Texas court then.

Because the Texas court has yet to determine the applicability of any such exception, the Court determines that it would be inappropriate to dismiss this action at this time. Rather, the Court **STAYS** all further proceedings in this action pending the Texas Action. See, e.g., Alltrade, 946 F.2d at 629 (holding that second suit should be stayed rather than dismissed where first suit might be dismissed); British Telecommunications plc v. McDonnell Douglas Corp., C–93–0677 MHP, 1993 WL 149860, at *5 (N.D. Cal. May 3, 1993) ("Because some uncertainty exists as to the ultimate outcome of these issues in the Missouri action, a dismissal of this action would be inappropriate.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and **STAYS** further proceedings in this action pending the Texas Action. The Court finds that oral argument would not be helpful in this matter and **vacates** the August 3, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |